THE STERLING SCHOOL FURNITURE COMPANY v. HARVEY ET AL.

1. **Taxation:** LIMITATION UPON: SCHOOL DISTRICT. The board of supervisors are not authorized to levy a tax for the payment of a judgment against the school house fund of a district township, when the tax already levied for the use of that fund equals the maximum rate of ten mills on the dollar.

*Appeal from Clay District Court.*

TUESDAY, APRIL 3.

THE petition contains the following averments:

The plaintiff is the owner of a judgment against the district township of Spencer, in Clay county, which judgment

was obtained against the school house fund of said district. On 27th day of February, 1875, the school board of said township issued to the plaintiff its order upon the treasurer of said district directing him to pay said judgment from the school house judgment fund. The said order was not paid for want of funds. At the regular meeting of the school board of said township, said board voted a recommendation to the defendants, who are members of the board of supervisors of Clay county, that they levy and collect a tax sufficient to pay said judgment, interest and costs, which recommendation was properly certified. The defendants refused to make the levy as requested, because they had already gone to the limit of their authority by levying ten mills on the dollar on the taxable property of said district township for the year 1875, for the school house fund, in accordance with the recommendation of the school board of said township.

It is asked that a writ of mandamus issue compelling the defendants to levy a sufficient tax to pay said judgment.

There was a demurrer to the petition, the principal ground of which is that the facts stated in the petition show that the defendants have levied a tax for the school house fund of said district for the year 1875, to the extent allowed by law to be levied in any one year.

The demurrer was sustained, exceptions taken, and judgment rendered against the plaintiff for costs. Plaintiff appeals.

*Samuel Gonser*, for appellants.

*L. M. Pemberton*, for appellee.

ROTHROCK, J.—It is conceded that the judgment in question was obtained upon warrants against the school house fund, and the only question is, are the defendants required by law to levy a tax for the payment of the judgments, in addition to ten mills on the dollar.

1. TAXATION: limitation upon: school district.

The Code, Sec. 1780, provides that the amount levied for school house fund shall not exceed ten mills on the dollar on the property of any district.

Sec. 1787 provides, "when a judgment has been obtained against a school district the board of directors shall pay off and satisfy the same from the proper fund, by an order on the treasurer; and the district meeting, at the time for voting a tax for the payment of other liabilities of the district, shall provide for the payment of such order or orders." It is claimed that authority is given under this section to levy a tax in addition to the ten mills provided for in section 1780. We think not. It is a fundamental principle, appertaining to the taxing power, that no taxes can be levied without express authority of law. Section 1780 limits the levy for school house fund to ten mills, and section 1787, construed in the light of section 1780, means simply that when the district makes estimates of the necessary amount for the payment of its liabilities it shall provide for the payment of judgment orders, but the whole tax voted for any one fund for the payment of all liabilities must be within the limits for which a levy may be made for that fund.

The nature of the obligation against the district is not changed by being put in the form of a judgment. Section 1787 requires that the judgment shall be paid from the proper fund. The judgment order is, or should be, against the school house fund, and can be paid from no other.

As there is no independent power to levy a judgment tax, and as the levy is expressly limited to ten mills on the dollar, we think the District Court properly sustained the demurrer. This conclusion is supported by the principles announced in *Iowa Railroad Land Company v. Sac County*, 39 Iowa, 124.

AFFIRMED.