RICHARDS, TRUSTEE, v. SUPERVISORS OF LYON COUNTY ET AL.

1. **School Districts:** TAXATION: LIMITATION: PAYMENT OF BONDS OF INDEPENDENT DISTRICTS. Section 1807 of the Code, providing that the electors of an independent school district shall not vote a tax exceeding ten mills on the dollar for school house purposes, applies only to districts in which no bonded debt has been created. Under § 1823 of the Code, there is no such limitation where a larger tax is required to meet the interest on valid outstanding bonds issued under that and the two preceding sections, and chapter 132, Laws of 1880.

2. ———: INVALID BONDS OF: ACTION TO COLLECT: INTERVENTION OF TAX-PAYER. In an action to compel a board of supervisors to levy a tax upon a school district to pay the interest on the bonds thereof, where the defendants refused to set up the defense that the bonds were void, because they were issued when the district was indebted beyond the constitutional limit, *held* that a tax-payer of the district was entitled to intervene and plead such defense.

*Appeal from Lyon Circuit Court.*

THURSDAY, OCTOBER 21.

ACTION OF MANDAMUS. From the judgment and rulings of the court the plaintiff and intervenors appeal.

*E. C. Roach,* for appellant.

*Van Wagenen & McMillen,* for appellees.

*J. M. Parsons,* for intervenors.

SEEVERS, J.—The petition states that the plaintiff is the holder of certain bonds issued by certain named district

Richards, Trustee, v. Supervisors of Lyon County.

townships and independent school districts, and that all of said districts, except the independent district of Garland, had certified to the board of supervisors the amount necessary to pay the interest on said bonds, and that the board had refused to make the requisite levy; and the relief asked is that the board be compelled to make such levy. The board answered the petition, and, in substance, pleaded that it had levied all the taxes it was authorized by law to levy, and particularly that it had levied a tax of ten mills on the dollar for school-house purposes. There is an agreed statement of facts, and therein it is stated that the "sole question upon which the decision of the court is sought is as to the power of the board of supervisors to make a levy in excess of ten mills to pay interest on bonds and bonded debt set out, exclusive of contingent and teachers' fund levies." The relief asked by the plaintiff was denied, and judgment rendered for the appellees.

I. Under the issue joined, and the agreed statement of facts, it must be assumed that the bonds are valid and legal obliga-

1. SCHOOL districts: taxation: limitation: payment of bonds of independent districts.

tions of the district townships and independent districts. Whether there is any difference between the power and duty of the board to levy taxes to pay the bonded indebtedness of district townships and independent districts we shall not stop to inquire, for the reason that no such distinction is made by counsel, but we shall, as counsel invite us to do in their arguments, regard all the districts as independent. In this connection we desire to say that section 1780 of the Code applies only to district townships, and so does *Sterling School Furniture Co. v. Harvey*, 45 Iowa, 466, in which the controversy was as to the payment of a judgment instead of bonds.

We are justified in assuming, from the whole record before us, that the bonds were issued in payment of, or for money borrowed to pay for, the erection of school-houses, and that they were issued under and in accordance with sections 1821,

1822, 1823, of the Code, and chapter 132 of the Laws of the Eighteenth General Assembly. School districts have three funds,—the teachers', contingent, and school-house fund,— and each is separate and distinct from the other. Debts contracted for the erection of school-houses must be paid from that fund, and no other. It is provided by statute that the electors of any independent district may vote a tax, not exceeding ten mills on the dollar, for school-house purposes. Code, § 1807. This, it is said, is a limitation on the power of the district, and that it cannot, therefore, provide a fund for a debt created for school-house purposes exceeding the amount above stated, no matter what form the debt may have assumed, and that the power and duty of the board cannot exceed that of the district. The latter will be conceded if the former is true; and it will be further conceded, if there is no other statute authorizing the levy of taxes than the section of the Code just referred to, that such power does not exist, and therefore a tax in excess of ten mills on the dollar in any year for school-house purposes cannot be lawfully levied. The statute under which the bonds were issued confers the requisite power, provided the electors at an election held for that purpose so determine. Code §§ 1821, 1822. And section 1823 provides: "If the electors of an independent district which has issued bonds shall, at the annual meeting in March for any year, fail to vote sufficient school-house tax to raise a sum equal to the interest on the outstanding bonds which will accrue during the coming year,      *  *      *      it shall be lawful for the board of such district" to do so. Here is found a special grant of authority to provide means to pay the bonded debt which has been sanctioned by a vote of the electors. Having created a lawful debt, the power is conferred to provide means to pay it. This the several districts, except one, did; that is, they certified up to the board the requisite amount.

It is conceded, as we understand, that the board was required to levy the amounts so certified, unless its power,

and the power of the district, is limited by section 1807 of the Code as to the amount or rate per cent that can be levied each year. As both of these statutes relate to the amount of tax that can be levied on property in an independent district for school-house purposes in any year, it is our duty to so construe them as that both may stand and have force and effect, unless the language used in the context and subject-matter forbid that such a construction should be adopted. If section 1807 has the force and effect claimed by counsel for the appellee, then section 1823 is thereby nullified; for the claim is, and must be, that under the former no more than ten mills on the dollar can be levied for school-house purposes, no matter what amount of bonded indebtedness may have been voted by the electors. This construction would have the effect to prevent the erection of school-houses, except as provided by the annual imposition of such tax. It cannot be regarded as improbable that such fund would not be sufficient to provide school-houses of such capacity as the wants and necessities of the district would absolutely require. Wisely, therefore, it must be assumed that the general assembly conferred the power on the electors, by a vote at an election called for that purpose, to cause bonds to be issued for the purpose of providing means to erect school-houses of the character and capacity the district might direct. Wisely, also, was the power conferred to provide means to pay such bonds.

Giving such force and effect to section 1823 of the Code, and confining section 1807 to a tax in districts where no bonded debt has been created, both sections can stand and have force and effect, and this we think was the intent of the general assembly; for it cannot be assumed that the intent was to authorize the creation of a debt without providing means by which it could be paid. Not only so, but the construction adopted in the court below convicts the legislature of providing that a debt may be lawfully contracted, and at the same time providing that the district contracting it could, sub-

stantially, at least, repudiate it.    Before we can adopt such a construction, express words must be found requiring it. Whether the board of supervisors can be compelled to levy a tax which has not been certified in some manner by the district, we do not determine, because such question has not been raised or discussed by counsel.

II.    Certain taxpayers of the respective districts filed a petition of intervention, in which it was stated that the board

2. ——: invalid bonds of: action to collect: intervention of tax-payer.

of superviors refused to fully defend the action, and that said bonds were absolutely void, because the districts were indebted beyond the constitutional limit when it was contracted and the bonds were issued, and that such indebtedness was fraudulent and void.    The petition of intervention was, on the motion of the plaintiff, struck from the files, and to this order the intervenors excepted, and thereon assigned error.    We think the court erred in striking the petition from the files.    It must be assumed that the board refused to plead as a defense that the districts were indebted beyond the constitutional limit at the time the indebtedness was created and the bonds issued.    This, to say the least, is a most material defense.    As the board refused to plead it, we think a tax-payer could do so,    He was directly interested in the result; for, when the tax is levied, it becomes a lien on his property, which he is bound to take steps to remove, either by payment of the tax or otherwise.

*Greeley v. Lyon County*, 40 Iowa, 72, is precisely in point; and *Harwood v. Quinby*, 44 Id., 385, is distinguishable upon two grounds.    The granting of the certificate in the last named case created no liability on the part of tax-payer. No lien on his property was thereby created; and, besides this, it does not appear that the action was not fully defended by the defendants.

The result is that the judgment of the circuit court is reversed on both appeals.    The plaintiff and the county must each pay one-half of the costs in this court.

REVERSED.