CORNELL COLLEGE v. IOWA COUNTY.

**Intervention: COUNTY: TAX PAYER.** Tax payer has not such an interest as entitles him to intervene in an action against the county to enforce a claim against it, agreed to by the supervisors, unless it appear, from the facts stated, that the board, in their action respecting the claim, assumed the exercise of powers not conferred by law, or that they acted in bad faith.

*Appeal from Iowa District County.*

WEDNESDAY, DECEMBER 6.

ON the 4th day of January, 1871, the plaintiff filed in the district court of Iowa county, a petition, claiming of said county the sum of $2,735 upon forty coupons of railroad bonds. On the day of the filing of the petition, N. B. Holbrook, Orson Harrington and J. W. Westbrook, supervisors of Iowa county, together with the attorney of plaintiff, signed and filed an agreement for judgment for the sum claimed, with stipulations as to the mode of enforcing the same. At the February term, 1871, of said court, Patrick W. Rock, a citizen and tax payer of said county, for himself and other tax payers filed an application for permission to intervene in said cause, accompanying the same with an answer and cross-bill. The answer denies any indebtedness upon the coupons sued on, and that Iowa county ever executed or delivered the coupons to any person, or promised to pay the sums mentioned in the coupons.

In the cross-bill it is alleged that the bonds to which the coupons sued on were attached, were issued by William W. Wallace, county judge of Iowa county, without consideration, and without the knowledge or consent of the county. That, in March, 1861, Patrick W. Rock and others obtained a decree in the district court of Johnson county, Iowa, against the said M. & M. R. Co., the then

holder of said bonds, and Wm. H. Wallace, county judge of said county, perpetually enjoining the said railroad company from transferring said bonds or coupons, declaring the bonds and coupons null and void, and issued without authority of law, and forever enjoining the said Wm. H. Wallace and his successors in office from levying a tax to pay said bonds or coupons, and from doing any act whereby said bonds or coupons might be collected from said county. That this decree was affirmed in the supreme court of the State; removed upon writ of error to the supreme court of the United States, and said' writ of error dismissed.

Petitioners charge that Holbrook, Harrington and Westbrook did, wrongfully and without authority of law, file said agreement for judgment in said cause; and they ask that said agreement of the board of supervisors may be set aside, that the suit of Cornell college be stayed, and that they be granted adequate relief.

The court refused to allow petitioners to intervene. They excepted and appeal.

*J. D. Templin* for the appellant.

*Nourse & Kauffman* with *J. B. Young* for the appellee.

DAY, Ch. J. — Appellants base their right to intervene in the present action upon the provisions of section 2930 of the Revision.

This section is as follows: " Any person shall be entitled to intervene in an action who has an interest in the matter in litigation, in the success of either of the parties to the action, or an interest against both. An intervention takes place when a third party is permitted to become a party to an action between other persons, either in joining the plaintiff in claiming what is sought by the petition, or by uniting with the defendant in resisting the claim of the

plaintiff, or by demanding any thing adversely to both the plaintiff and defendant. A third person may intervene either before or after issue has been joined in the cause, and before the trial commences."

But one condition confers the right to intervene, and but one limitation is imposed upon it. That condition and that limitation are, that the person seeking the right shall *have an interest in the matter in litigation*. Whenever this interest exists, the right attaches, and it attaches in no case where this interest is not found. If these petitioners, simply as tax payers of the county, possess this interest, every other tax payer in the county possesses the same interest, and has the same right to intervene. And if a tax payer, by virtue of his interest as such, may intervene in this action, he may do so in every suit instituted against the county, for he must contribute to the payment of every judgment so recovered. And this he may do without reference to the amount in controversy, for if the right exists it rests upon principle and is not dependent upon the magnitude of the controversy. Now we apprehend that appellant's counsel would hesitate long before he would claim that, when a county is sued for the value of a cord of wood, every tax payer in the county has a right to become, upon his own motion, a party to the controversy. Yet this must follow if the right to intervene under this section can be predicated upon the mere interest of a tax payer.

We entertain no doubt that, where the board of supervisors assume the exercise of powers not conferred upon them by law, or fail to discharge their duties, so as to involve a breach of trust, a court of equity will, at the instance of a tax payer, afford appropriate relief. *Dodge* v. *Woolsey*, 18 How. (U. S.) 331; *French* v. *Gifford et al.*, 30 Iowa, 148. And it may be that where such a delinquency upon the part of the board of supervisors is shown, a tax payer would be allowed, in an action against the county, to *intervene* and interpose an appro-

priate defense. But no facts evincing such a dereliction of duty are averred in the present case. No *fact* is alleged from which it can be inferred that the board of supervisors did not act in good faith and for the supposed best interests of the country. It is true, it is alleged that the filing of the agreement for judgment was wrongful and without authority; but this allegation is of a mere legal conclusion, and not of the facts upon which such conclusion is based. The cross-bill does not aver that the supervisors had been requested to defend, and had refused or neglected to do so, nor that they had personal knowledge of the decree enjoining the collection of said coupons, nor that any other fact, evincing bad faith, existed. The view of petitioners seems to be, that, under the provisions of section 2930 of the Revision, their interest, as tax payers alone, entitles them to intervene. In support of this view we are referred to the case of *Beardsley* v. *Smith*, 16 Conn. 367. In Connecticut it is held, that the inhabitants of towns and other quasi corporations are parties individually, as well as in their corporate capacity, to all actions in which the corporation is a party. But this doctrine is the corollary of another which there obtains, that a judgment against a town is a judgment against the inhabitants of the town, and the execution may be levied upon the private property of any one of them, at the discretion of a creditor.

As a necessary consequence of such a liability, it is held, that every inhabitant of a town has a right to appear and defend, in any action at law, against it. *Beardsley* v. *Smith, supra; Town of Union* v. *Crawford*, 19 Conn. 333. It is too obvious for remark that the reason of the rule does not exist here.

In denial of the general right of an individual member of a corporation to prosecute or defend in its behalf, see the following cases cited by appellee. *Smith* v. *Hurd et*

*al.*, 12 Metc. 377; *Samuels* v. *Halliday*, 1 Woolw. 417; also Angell and Ames on Corporations, § 279.

In our opinion, the court did not err in denying the petitioners the right to intervene.

BECK, J., dissenting.

Affirmed.