Greeley v. The County of Lyon.

*1. CONTRACT: consideration: promissory note.*

*2. EVIDENCE: when parol may vary written instrument.*

*3. PRACTICE: mistake in written instrument.*

REVERSED.

## GREELEY v. THE COUNTY OF LYON.

County: ACTION AGAINST: INTERVENOR. When, in an action against a county, the Board of Supervisors conspire with the plaintiff to aid him in procuring a judgment, a tax-payer has such an interest in the litigation as entitles him to intervene and defend.

*Appeal from Plymouth District Court.*

WEDNESDAY, DECEMBER 9.

On the 4th of July, 1873, the plaintiff filed a petition in the Plymouth District Court, claiming judgment against

defendant for $2541.66 upon county warrants. On the 21st of July, being the first day of the term, plaintiff filed an amended petition claiming judgment for a further sum of $4200, also on warrants against the county.

On the 19th day of July, 1873, the district attorney, C. H. Lewis, filed his motion for a change of venue to the courts of Lyon county, upon the ground that defendant is not liable to be sued in the county of Plymouth.

On the 21st of July J. F. Eccleston and H. B. Wilson, on behalf of Lyon county, filed a motion to strike from the files the motion for change of venue filed by the district attorney, for the reason that the defendant, by its Board of Supervisors, does not want the venue changed, and in support of said motion they referred to a resolution of the Board of Supervisors, of defendant, passed July 7th, 1873. At the same time the said Eccleston and Wilson filed on behalf of defendant an answer as follows: "And now comes the said Lyon county, defendant, and for answer to the petition and amendments to petition herein filed, admits the averments set out and contained in said petition and amended petition, and consents to a judgment being rendered for the amount of the warrants in the petition set out, and asks that the warrants be cancelled."

On the 22d day of July F. W. Allen, a citizen and tax payer of Lyon county, filed his petition asking that he be allowed to intervene and defend said action. In this petition he alleges that he is a citizen and tax payer of said county, and that a great portion of the warrants sued on are fraudulent, without consideration and void, and that, at the time they were issued, the indebtedness of Lyon county exceeded the amount of five per centum of the taxable property of said county, and the warrants are in excess of the limitation of indebtedness prescribed in the constitution."

And the petition further alleges: "That the Board of Supervisors of Lyon county well know that there is such good and valid defense to said warrants, and well know that the said county of Lyon is not legally liable to pay the same, and well know that said warrants are fraudulent and without any consideration whatever. And the said Board of Supervisors of

said county, well knowing the facts, have corruptly and fraudulently entered into an arrangement to assist the plaintiff in this action in procuring a judgment against the county of Lyon upon the said fraudulent, illegal and worthless warrants, and have entered into a collusion and conspiracy with the plaintiff to have a judgment taken in this action upon the fraudulent, illegal and worthless warrants described in said petition, and to prevent a full, fair and impartial defense being had on the part of the defendant to the same.

That the said county was organized on or about the 1st of January, 1872, and there has already by the corrupt, fraudulent and wicked acts of the Board of Supervisors been created against said county an indebtedness amounting to more than sixty thousand dollars; that the said Board of Supervisors of said county refuse to defend the county or to take any action to defend said county against the illegal, unjust, corrupt and fraudulent claims against the county, but on the contrary they conspire and collude with the parties making such claims to cheat and defraud the county, and thereby cheat, defraud and injure the tax payers of said county."

The plaintiff and the defendant each moved to strike the petition of intervenor from the files, on the ground that a citizen and tax payer had no right to intervene in such action. The court sustained these motions, and entered judgment for plaintiff for the amount claimed. The intervenor appeals.

*J. H. Swan*, for appellant.

No appearance for appellees.

DAY, J.—In our opinion the petitioner should have been permitted to intervene and defend. Section 2930 of the Revision, 2683 of the Code of 1873, provides that "Any person who has an interest in the matter in litigation, in the success of either of the parties to the action, or against both, may become a party to an action between other persons, either by joining the plaintiff in claiming what is sought by the petition, or by uniting with the defendant in resisting the claim of the plaintiff, or by

demanding anything adversely to both the plaintiff and defendant, either before or after issue has been joined in the cause, and before the trial commences." It is true a party, simply because he is a tax payer, has not such an interest in a litigation to which a county is defendant, as will entitle him to intervene and defend. *Cornell College v. Iowa County*, 32 Iowa, 520. It is the duty of the Board of Supervisors to appear on behalf of their respective counties, and to defend them in actions instituted against them. And if this duty is discharged in good faith the interests of the tax payers will be protected without active interposition upon their part. When, however, the Board of Supervisors instead of faithfully discharging the trust reposed in them, and defending the county against unjust demands collude and conspire with the opposite party to procure judgments against the county, the rights of tax payers will be placed in great jeopardy unless they are permitted to appear, and make the defense which it is the duty of the Board of Supervisors to make, but which they corruptly refuse to interpose. The right of a tax payer to intervene, under the section above named, depends upon his having an interest in the matter in litigation.

That he has such interest, when it is sought to recover an unjust judgment against the county, which must be discharged in part by taxes upon his property, and when the Board of Supervisors join with the plaintiff to aid him in procuring the judgment, does not it seems to us admit of serious question. The court erred in striking the petition of intervention from the files.

REVERSED.