STATE BANK OF OUTLOOK, APPELLANT, v. SHERIDAN COUNTY, DEFENDANT AND RESPONDENT; MATKIN, INTERVENER AND RESPONDENT.

(No. 5,562.)

(Submitted October 29, 1924. Decided December 3, 1924.)

[230 Pac. 1097.]

*Counties — Complaint in Intervention by Taxpayer—Insufficiency.*

Intervention—When Permissible.
1. The purpose of section 9088 permitting a person to intervene in an action between others if his interest be such that he would be prejudicially affected as a necessary consequence of the determination of the action without his presence as a party to it, is to avoid circuity of action and needless multiplicity of suits.

---

1. Right of taxpayer to intervene and defend in actions affecting his interest as citizen and taxpayer, see note in Ann. Cas. 1913C, 911.

\*Elected November 4, 1924, to succeed THE HONORABLE WELLINGTON D. RANKIN, appointed August 30, 1924, to serve unexpired term of THE HONORABLE CHARLES H. COOPER, resigned.

Counties—Intervention    by    Taxpayers—Complaint—Necessary    Averments.

2.    Where a taxpayer seeks to intervene in an action against his county he must allege that the county attorney, its representative, has failed or refused to represent the county, is acting in collusion with the plaintiff or otherwise guilty of a breach of trust to the damage of the county and its taxpayers; in the absence of such averments his complaint does not state a cause of action.

Same—Taxpayers' Suits—Principle upon Which Based.

3.    The rule which denies a stockholder in a private corporation the right to maintain or defend an action in its behalf until he has exhausted his remedy within the corporation is applicable to a taxpayer of a county who seeks to act on behalf of the county; he must first make it appear that the county attorney— its legal representative—has failed or refused to act or is acting in violation of the law.

*Appeal from District Court, Sheridan County; C. E. Comer, Judge.*

ACTION by the State Bank of Outlook against Sheridan County, in which J. P. Matkin intervened. Judgment for plaintiff for part of its demand only, and it appeals. Reversed and remanded, with direction to strike complaint in intervention from the files.

*Mr. Earle N. Genzberger,* for Appellant, submitted a brief and argued the cause orally.

The intervention came too late. (*Safely* v. *Caldwell,* 17 Mont. 184, 52 Am. St. Rep. 693, 42 Pac. 766; *Hibernia Sav. & L. Soc.* v. *Churchill,* 128 Cal. 633, 79 Am. St. Rep. 73, 61 Pac. 278, 279; *Henry* v. *Cass County Mill & E. Co.,* 42 Iowa, 33; *Teachout* v. *Des Moines etc. Ry. Co.,* 75 Iowa, 722, 38 N. W. 145; 31 Cyc. 50 (citing *First Nat. Bank of Leon* v. *Gill,* 50 Iowa, 425).

The complaint in intervention does not state facts sufficient to entitle intervener to become a party to this action. It is fundamental that the complaint in intervention must affirmatively show facts which entitle petitioner to intervene. (*People* v. *Talmadge,* 6 Cal. 256; *Clapp & Co.* v. *Phelps & Co.,* 19 La. Ann. 461, 92 Am. Dec. 545.) The complaint fails to allege that the proper officers of Sheridan county have failed to

properly resist this claim if such were the case, or that the alleged settlement set forth in the answer of the county attorney, was collusive, fraudulent or wrongful in any way. (*Hedges* v. *Dam*, 72 Cal. 520, 14 Pac. 133; 15 C. J. 643.)

The cases in which a taxpayer has been allowed to sue in this state have all been cases where county officers have departed from the mandate of the law and were about to do or had done some act prohibited by law. (*Stange* v. *Esval*, 67 Mont. 301, 307, 215 Pac. 807; *State ex rel. Stephens* v. *Zuck*, 67 Mont. 324, 215 Pac. 806.)

*Mr. Paul Babcock,* for Respondents, submitted a brief and argued the cause orally.

Counsel says the application for leave to intervene was made too late because the trial had commenced. Intervention could not possibly have taken place in the few minutes which elapsed between the filing of defendant's answer and the commencement of the trial. As "the law never requires impossibilities" (sec. 8760, Rev. Codes), the general rule in this regard is not applicable.

By reason of the action of the county attorney in consenting that judgment be entered for practically $5,000 upon a claim disallowed in full by the board of county commissioners, a wrong was being perpetrated upon the taxpayers of Sheridan county. "For every wrong there is a remedy." (Rev. Codes, sec. 8752.) And therefore there must be a remedy for this wrong. Intervention by a taxpayer affords a remedy. It may be that the intervener might have pursued some other remedy, but the authorities seem to be uniform that the mere fact that another remedy is available does not preclude a party from adopting that remedy. (20 R. C. L. 689.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

W. Grant Hoage, a certified public accountant, was employed by Sheridan county to perform certain services and

thereafter presented a claim for $4,989.58 as compensation for work alleged to have been performed by him from July 29, 1919, to December 9 of the same year, and for his expenses. The State Bank of Outlook brought this action to recover the amount of the claim, with interest, and in its complaint alleged the employment of Hoage, the performance of the services by him, the reasonable value thereof, the presentation of the claim to and its approval by the county auditor, the assignment of the claim by Hoage to plaintiff and the disallowance of the claim by the board of county commissioners.

The county appeared by the county attorney, and filed an answer in which practically every material allegation of the complaint was admitted, but it was alleged that the plaintiff had agreed to remit the interest. Thereafter J. D. Matkin by leave of court filed a complaint in intervention, in which he set forth that Hoage was employed by the county and performed services under such employment from July 29, 1919, to August 18, 1919; that upon the latter date he was discharged by resolution of the board; that the reasonable value of the services so rendered does not exceed $350; and that, if any services were rendered by Hoage after August 18, they were not rendered under or by virtue of any contract of employment with Sheridan county. The plaintiff moved to strike the complaint in intervention from the files, but the motion was denied.

Upon the trial plaintiff objected to the introduction of any evidence in support of the complaint in intervention, but that objection was overruled. The court found for plaintiff in the sum of $1,200, and a judgment for that amount was rendered and entered and plaintiff appealed.

Assuming, without deciding, that under the peculiar circumstances of this case the application to intervene was made in time, the right of Matkin to intervene is the only matter before us.

Section 9088, Revised Codes, provides: "Any person may, [1] before the trial, intervene in an action or proceeding

who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant.''

The purpose of the statute is to avoid circuity of action and needless multiplicity of suits (*Moreland* v. *Monarch Mining Co.*, 55 Mont. 419, 178 Pac. 175), but it is not its purpose to admit mere intermeddlers into litigation being conducted by other parties. Before one may intervene, his interest must be such that he will be prejudicially affected as a necessary consequence of the determination of the action without his presence as a party to it.

Matkin does not seek to join the plaintiff in claiming what is sought by the complaint; neither does he demand relief adverse to both plaintiff and defendant. He does, however, ask to make a partial defense to plaintiff's cause of action, different from that made by the county attorney, and solely on the ground that he is a taxpayer, and that any judgment recovered by the plaintiff in excess of the amount he admits to be due must be paid from funds derived from general taxes.

A taxpayer, as such, does not represent the county, and is [2, 3] not authorized to speak for it. Section 4819, Revised Codes, declares: ''The county attorney is the public prosecutor and must  *  *  *  defend all suits brought against  *  *  *  his county.'' When the county attorney appeared and filed an answer, the presumption at once arose that he regularly performed his official duty. (Sec. 10606.) While he is prohibited from advocating claims against his county, except for his own services (sec. 4822), and is required to oppose all such claims ''which are unjust or illegal'' (sec. 4820), he is not required to oppose just or legal claims merely because they are presented against the county which he represents. It can-

not be charged that the county attorney either failed or refused to act, for he did act, and the mere fact that he did not oppose the plaintiff's claim *in toto* does not raise any presumption of bad faith or corrupt practice on his part.

If one taxpayer, merely by virtue of the fact that he is such, may intervene in this action, every other taxpayer may do so: and, if intervention is permitted upon the showing here made, a taxpayer may intervene in every action prosecuted against a county, even though the proper representative of the county has interposed a complete defense.

While a county is a civil division of a state, it is also a corporation (sec. 4441, Rev. Codes), and the same general rule which denies to a stockholder the right to maintain or defend an action on behalf of a private corporation until he has exhausted his remedy within the corporation itself (*Allen* v. *Montana Refining Co.,* 71 Mont. 105, 227 Pac. 582), likewise denies to a taxpayer the right to appear or defend on behalf of his county, unless and until he has made it appear that the legal representative of the county has failed or refused to act or is acting in violation of the law. (*Hedges* v. *Dam,* 72 Cal. 520, 14 Pac. 133.) This is the theory upon which taxpayers' suits have been sustained in this court and other courts; and upon the same principle, to warrant intervention by a taxpayer in a pending action against a county, it must be made to appear that the county attorney has failed or refused to represent the county, or is acting in collusion with the plaintiff, or otherwise is guilty of a breach of trust to the damage of the county and its taxpayers. (*Cornell College* v. *Iowa County,* 32 Iowa, 520; *Greeley* v. *County of Lyon,* 40 Iowa, 72; *State ex rel. Skogstad* v. *Anderson,* 130 Wis. 227, 109 N. W. 981; 15 C. J. 644.)

In the absence of any suggestion of negligence or wrongdoing on the part of the county attorney, the complaint in intervention fails to state facts sufficient to warrant intervention.

The judgment is reversed and the cause is remanded, with directions to the district court to strike the complaint in

intervention from the files and proceed with the cause as though such complaint had not been filed.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES RANKIN and STARK and HONORABLE FRANK P. LEIPER, District Judge, sitting in place of MR. JUSTICE GALEN, disqualified, concur.