STATE OF MONTANA ex rel. JUDITH A. CARROLL, Administrator of the Estate of Robert S. Carroll, Deceased, Relator, v. DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE STATE OF MONTANA, in and for the County of Lewis and Clark, and the Honorable VICTOR H. FALL, Presiding Judge thereof, Respondents.

No. 10244.
Submitted May 10, 1961. Decided September 12, 1961.
364 P.2d 739.

Myles J. Thomas and Floyd O. Small, Helena, for relator.

John H. Risken, Helena, for respondents.

Franklin S. Longan, Billings, for amicus curiae.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an original proceeding for a writ of prohibition or supervisory control filed in this court on April 17, 1961.

The relator seeks to require the respondent court to strike a complaint in intervention heretofore filed in the district court of Lewis and Clark County. The facts are briefly these:

Robert S. Carroll departed this life on October 10, 1960, being at the time of his death a resident of Lewis and Clark County, leaving a widow, Judith A. Carroll, and an infant son. The deceased was killed in Lewis and Clark County, Montana, as the result of an automobile accident.

Mr. Carroll, by a prior marriage to Dorothy E. Carroll, had three children now residing in Deer Lodge County, Montana.

On November 21, 1960, the widow, Judith A. Carroll, as the administratrix of the Estate of Robert S. Carroll, deceased, filed a complaint. This complaint was filed by the widow, Judith A. Carroll, as administratrix, after she had become the duly appointed, qualified and acting administratrix, by order of the district court of Lewis and Clark County, which order was dated November 18, 1960.

On December 14, 1960, in the district court of Deer Lodge County, the former wife, Dorothy Carroll, was appointed guardian *ad litem* for the three children as the issue of the former marriage. Prior to this time however, Dorothy Carroll, the ex-wife, filed in the decedent's estate a formal creditor's claim dated October 16, 1960, in the amount of $5,014.12 alleged to be due by reason of the divorce decree and setting out this amount due as back support money for the three minor children.

On January 23, 1961, the ex-wife, Dorothy Carroll, filed a motion to intervene in the Lewis and Clark County Cause No. 27975. Judith Carroll, as administratrix, on February 1, 1961, filed objections to the motion to intervene on the part of the ex-wife. On March 8, 1961, the respondent court made on order for Dorothy Carroll to present her complaint in intervention, giving her fifteen days in which to do this for the purpose of assisting the court in determining the question presented by the motion to intervene.

However, Dorothy Carroll did not file her complaint in intervention until April 3, 1961, at which time the respondent court made another order granting the motion for intervention which was some twenty-six days after the respondent court had made

its first order of March 8, 1961. The record discloses that the complaint in intervention filed by Dorothy Carroll was exactly the same as the complaint filed by the relator, it being copied *in haec verba*.

Section 93-2826, R.C.M.1947, defines intervention as:

"Any person may, before the trial, intervene in an action or proceeding who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court and served upon the parties to the action or proceeding who have not appeared, and upon the attorneys of the parties who have appeared, who may answer or demur to it as if it were an original complaint."

In State Bank of Outlook v. Sheridan County, 72 Mont. 1, 5, 230 P. 1097, 1098, Mr. Justice Holloway speaking for the court stated:

"The purpose of the statute is to avoid circuity of action and needless multiplicity of suits (Moreland v. Monarch Mining [& Milling] Co., 55 Mont. 419, 178 P. 175), but it is not its purpose to admit * * * intermeddlers into litigation being conducted by other parties. Before one may intervene, his interest must be such that he will be prejudicially affected as a necessary consequence of the determination of the action without his presence as a party to it."

In State ex rel. Westlake v. District Court, 119 Mont. 222, 173 P.2d 896, 898, 169 A.L.R. 827, this court again reaffirmed the holding of the court in State Bank of Outlook v. Sheridan County, supra, and used the following language:

"In the absence of any allegations of fraud or collusion be-

tween [the] plaintiffs and defendants it appears that the interests of the plaintiffs in intervention are already adequately represented.''

R.C.M.1947, § 93-2801, provides:

''Every action must be prosecuted in the name of the real party in interest, except that *an executor or administrator, a trustee of an express trust, or a person expressly authorized by statute may sue without joining with him the person for whose benefit the action is prosecuted.* A person with whom, or in whose name, a contract is made for the benefit of another, is a trustee of an express trust, within the meaning of this section.''

■ Section 93-2810, R.C.M.1947, provides:

''When the death of one person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as under all the circumstances of the case may be just.''

The above section specifically provides that there can be but *one action for a wrongful death* and that such action must be prosecuted and maintained by the *personal representative,* who in this case is the administratrix of the decedent, or the heirs at law.

In Batchoff v. Butte Pacific Copper Co., 60 Mont. 179, 183, 198 P. 132, 134, this court there held:

''Under the common law, any action for damages due to personal injuries would abate with the death of the party injured and no action at all would lie if the injury resulted in death. By reason of the apparent injustice of such a rule, statutes have been enacted whereby the cause of action survives the death of the party injured, and in case the injury produces death, then the cause of action survives to his *personal repre-*

*sentative or heirs at law.* The right of action being statutory, it must be controlled and limited by * * * statute and its proper interpretation.''

The respondent court quite frankly admits that one of the reasons for permitting Dorothy Carroll to intervene as guardian for her three minor children was for the further reason of a possible claim against the estate of the deceased, Robert S. Carroll, in the sum of $5,014.12. In the event of recovery in this case this claim would not be a charge against any of the proceeds received as this money is for the sole benefit of the heirs at law of decedent, the surviving widow and four children.

Respondent court further sets forth in its answer that Dorothy E. Carroll is entitled to select her own counsel and that she should not be bound by any fee arrangement made between the relator and her attorneys.

Carrying this theory further afield, one might assume if the deceased had three ex-wives and a widow, in that event we would be confronted with four sets of attorneys rather than two, to the ultimate result that no one but the attorneys would benefit from the litigation for the wrongful death of the deceased.

In State ex rel. Bennett v. Bonner, 123 Mont. 414, 425, 214 P.2d 747, 753, this court observed:

''* * * Judicial power is exercised by means of courts which are the mere creations and instruments of *the law*, and independent of the law the courts have no existence. The law precedes the courts. The law governs the courts.''

On May 18, 1961, permission was granted to serve and file a brief as amicus curiae, which we have carefully considered, but it is predicated upon suppositions and possibilities which do not exist in the instant cause.

Under the fact situation appearing here if the individual heirs of the decedent are permitted to file separate causes of action on their own behalf, confusion and multiplicity of law suits would result. There would be a diversity of opinion and

a conflict among heirs on various questions as to how the wrongful death action should be prosecuted and the end result would be hopeless confusion.

In Parmley v. Pleasant Valley Coal Co., 64 Utah 125, 139, 228 P. 557, 562, the Utah Supreme Court held: ''The statute as construed by the California Supreme Court, and by other courts of last resort to which we have referred, *that there is but one cause of action, and that only one [cause of] action may be maintained,* in such cases is therefore just, logical, and practical, and in the long run result in reflecting justice on all concerned.''

In the event of a recovery for the wrongful death of the deceased Robert S. Carroll, it is the observation of this court that the district court may then take requisite action to allocate the amount of recovery in a proper pro rata share among the surviving heirs, but it is clearly not for any jury to decide what amount should be awarded to each of the several plaintiffs in such an action.

While both the petition of the respondent and the comprehensive brief of amicus curiae contend that it is a petition to intervene it would appear to this court that on the contrary it is an attempted ''substitution of party plaintiffs in a wrongful death action.''

For the foregoing reasons, the motion to restrain and prohibit any further such illegal proceedings by respondents in said cause is granted, and respondent court is directed to deny the petition to intervene of Dorothy E. Carroll and strike from the files the complaint in intervention, and the relator Judith A. Carroll will be permitted to proceed to the conclusion of the litigation she has commenced as the administratrix and trustee for the four minor children in an orderly and legal manner.

Let the writ issue.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR and JOHN C. HARRISON concur.