IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 84-494

IN THE MATTER OF NORWEST CAPITAL
MANAGEMENT AND TRUST COMPANY,
et al. and MARCELLA E. MAKI,
Joint Petitioners.

FILED

AUG 27 1985

*Ethel M. Harrison*
CLERK OF SUPREME COURT
STATE OF MONTANA

ORDER

The original opinion, Matter of Norwest Capital Management and Trust Co. (Mont. 1985), 697 P.2d 930, 42 St.Rep. 493, is corrected to delete the last paragraph of the opinion and substitute therefore the following:

> In 1895, the State of Montana adopted the Montana Codes Annotated of 1895. In adopting the Code, the Legislature enacted § 579 of the Code of Civil Procedure, which was a reenactment of § 14 of the Code of Civil Procedure of 1877; by doing so, the Legislature adopted the current wrongful death statute language found in § 27-1-513, MCA. Also in 1895, the Legislature adopted a new succession statute which defined heirs which definition controls the meaning of heirs found in the enactment of Montana's wrongful death statute. Section 1852, Probate Code of 1895, provides in part:
>
> 2. If the decedent leave no issue, the estate goes one-half to the surviving husband or wife, and the other to the decedent's father and mother in equal shares, and if either be dead the whole of said half goes to the other. If there be no father or mother, then one-half goes in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation. If the decedent leave no issue, nor husband nor wife, the estate must go to his father and mother in equal shares, or if either be dead then to the other.
>
> The plain language of the statute makes the mother the only heir under the facts

1

of this case since 'heir' means those who take upon decedent's death under the intestacy statute. We affirm the trial court's judgment relying upon the Johnson rationale denying Marcella Maki the status of 'heir' and declaring Ruth Maki, decedent's mother, as sole heir."

With this correction, the original opinion is approved.

DATED on this 27ᵗʰ day of August, 1985.

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

No. 84-494

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

IN THE MATTER OF NORWEST CAPITAL
MANAGEMENT AND TRUST COMPANY,
et al., and MARCELLA E. MAKI,
Joint Petitioners.

_____

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable William J. Speare, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Nye & Meyer, Billings, Montana


        For Respondent:

            Moses Law Firm, Billings, Montana


_____

                        Submitted on Briefs:  Feb. 28, 1985

                                  Decided:  April 9, 1985


Filed:

_____
                    Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

This is an appeal from a declaratory judgment of the District Court of the Thirteenth Judicial District in Yellowstone County declaring Ruth Maki, mother of decedent Carmen Maki, the sole heir of her daughter's estate for the purpose of bringing a wrongful death action.

On December 21, 1983, the parties filed a joint petition for a declaratory judgment in the District Court of the Thirteenth Judicial District in Yellowstone County, to determine where mother and/or sister are "heirs" qualifying them to maintain an action for the wrongful death of Carmen Maki under § 27-1-513, MCA. Norwest Capital Management & Trust Company was Conservator of the Estate of Ruth Maki, mother of decedent Carmen Maki. The other Joint Petitioner was Marcella E. Maki, the sister of decedent Carmen Maki.

At the pre-trial conference, the trial court indicated it would decide the legal issue based upon stipulated facts submitted by the parties. On October 2, 1984, the District Court entered its judgment in favor of Norwest, declaring Ruth Maki the sole heir. Marcella Maki appeals.

The joint petition presented the following undisputed facts:

"On May 27, 1983, Carmen Maki was killed in an automobile accident in Fergus County, Montana. Carmen Maki was an individual of legal age who resided in Billings, Yellowstone County, Montana, at the time of her death.

"Ruth Maki is the natural mother of Carmen Maki and Marcy Maki is the sister of Carmen Maki. Carmen Maki left no other surviving relatives of any degree of kinship enumerated in §§ 72-2-202 and 72-2-203, MCA.

"The death of Carmen Maki has given rise to an action for wrongful death."

2

The trial judge declared that Ruth Maki, as mother of decedent, is the sole heir for purposes of maintaining a wrongful death action. We affirm.

Montana's wrongful death statute, 27-1-513, MCA, grants only "heirs and personal representatives" the right to "maintain" an action for wrongful death. Nowhere in the wrongful death statutory scheme is "heir" defined. In Versland v. Caron Transport (1983), 671 P.2d 583, 40 St.Rep. 1681, this Court defined "heirs" as "those persons who are entitled to the property of a decedent under the statutes of intestate succession."

The trial judge in this appeal correctly adopted the rationale in the concurring opinion of Johnson v. Marias River Electric Coop. (1984), 687 P.2d 668, 41 St.Rep. 1528, by applying the statutory definition in effect at the time of the enactment of the wrongful death statute to determine which parties qualified as "heirs." We reject the appellant's argument that the date of the original enactment of the wrongful death statute, 1871, is the determinative date by which "heir" is defined. Montana's 1871 intestate succession laws included "sisters" in the same line as mothers and fathers.

Both Montana's intestate succession and wrongful death statutes were amended in 1877. The Wrongful Death Act changed the class of individuals allowed to recover from "the widow and next of kin of such deceased person . . ." to "heirs and personal representatives." Since the operative term "heirs" was introduced by this 1877 enactment, the definition in the 1877 intestate succession statutory scheme is the controlling law. The intestate succession statute was amended in 1877 to drop "sisters" from the same succession line as parents. "Heir" means those who take upon decedent's

3

death under the intestacy statute. After the 1877 amendment the Maki heir is the mother only. We affirm the trial court's judgment relying upon the Johnson rationale denying Marcella Maki the status of "heir" and declaring Ruth Maki, decedent's mother, as sole heir.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

4