No. 85-189

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

JAMES BARRETT,

   Plaintiff and Respondent,

 -vs-

JOHANNES SOYLAND, and WESTERN
ENERGY COMPANY, a corporation,

   Defendants and Appellants.

---

APPEAL FROM: District Court of the Sixteenth Judicial District,
      In and for the County of Fallon,
      The Honorable Alfred B. Coate, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

    Crowley, Haughey, Hanson, Toole & Dietrich;
    George C. Dalthorp argued, Billings, Montana

  For Respondent:

    Huntley & Eakin; Ira Eakin argued, Baker, Montana

---

Submitted: December 6, 1985

Decided: April 22, 1986

Filed: **APR 22 1986**

_Ethel M. Harrison_
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Respondent, James Barrett, brought an action in the Fallon County District Court against appellants for the wrongful death of his daughter. Process was never served on Soyland. Appellant, Western Energy Company (Western), made two motions for summary judgment, a motion to dismiss, and a motion for a directed verdict. All appellant's motions were denied. The case was tried to a jury that awarded respondent $100,000 on January 10, 1985. Appellant appeals the denial of its motions.

We affirm.

The issue on appeal is whether Barrett's ex-wife's prosecution and settlement of her action for the daughter's wrongful death is a bar to James' prosecution of his action.

James and Sandra Barrett were married in 1963. Brenda Lee Barrett was born in 1966, the only child of the marriage. James and Sandra were divorced in 1969, and Sandra was awarded custody of Brenda. James continued to pay child support for, and maintained contact with Brenda up until the date of her death.

Sandra remarried and became Sandra Askin. She subsequently moved to Fallon County, Montana, with her husband and Brenda.

On April 22, 1975, nine-year-old Brenda was killed in an automobile accident involving a truck driven by Soyland, an employee of Western.

At the time of Brenda's death, section 93-2809, R.C.M. (1947) was in effect. That statute read:

> A father, or in case of his death or desertion of his family, the mother, may maintain an action for the injury or death of a minor child . . ., when

- 2 -

such injury or death is caused by the wrongful act or neglect of another.

Two weeks after the decedent's death, effective May 6, 1975, the legislature amended the wrongful death statute to read:

Either parent may maintain an action for the injury or death of a minor child . . . when such injury or death is caused by the wrongful act or neglect of another.

On July 14, 1975, approximately 10 weeks after the new statute went into effect, Sandra filed a wrongful death action in the Fallon County District Court alleging that she was the natural mother and legal custodian of the deceased. On the morning of trial, Sandra settled her case for $35,000. She was appointed personal representative of the decedent's estate, and the court ratified the settlement. Then Sandra, acting individually, as mother, as trustee for the heirs, and as personal representative of the estate, executed a release approved by the court settling all claims arising out of the injuries to and the death of the decedent. James did not participate in the action by Sandra, and did not share in any of the proceeds of the settlement. He was not notified of the pendency of the proceedings, or joined as a party, but was aware of the lawsuit prior to settlement.

On April 12, 1978, James filed a wrongful death action in the Fallon County District Court. Western filed two motions for summary judgment, a motion to dismiss, and a motion for a directed verdict on the theory that Montana permits but one cause of action for wrongful death and that action had already been brought and settled by Sandra, and that the unamended statute was unconstitutional. Western's motions were denied, and after Western admitted liability,

the issue of damages was tried to a jury. The jury awarded James $100,000.

Appellant correctly argues that normally there can be but one legitimate wrongful death action arising from a decedent's death. State ex rel. Carroll v. District Court (1961), 139 Mont. 367, 364 P.2d 739. However, the situation in the present case merits a different result.

A cause of action for wrongful death accrues in the statutory designee at the moment of death. Thomas v. Cumberland Operating Co. (Okla. 1977), 569 P.2d 974; Matter of the Estate of Boyd (Wy. 1980), 606 P.2d 1243. At the moment of death, section 93-2809, R.C.M. (1947) was in effect. That statute gave James a cause of action for Brenda's death. This cause of action was not affected by the legislature's subsequent enactment of section 93-2809, R.C.M. (Supp. 1977) because the legislature did not make that amendment retroactive.

There is a presumption in Montana against retroactive application of statutes. Dunham v. South Side National Bank of Missoula (1976), 169 Mont. 466, 548 P.2d 1383. For a statute to be retroactively applied such an intent must be expressly so declared by the legislature. Section 1-2-109, MCA. Section 93-2809, R.C.M. (Supp. 1977) was not declared retroactive by the legislature. Therefore, James' cause of action for Brenda's death remained intact subject only to the three year statute of limitations applicable to torts. Section 27-2-204, MCA.

Although the constitutionality of the unamended statute is challenged, we need not address that issue for a resolution of this case. Western's injury stems from the possibility of two wrongful death actions, not from the

- 4 -

language of the unamended statute. Therefore, Western lacks standing to challenge the statute's constitutionality. Western itself is not injured by the alleged under-inclusiveness of the unamended statute because Western could never be a member of even a broadened class of potential claimants. Because the amended statute was not made retroactive, there existed, for the three year statute of limitation period following its enactment, the possibility of two causes of action for wrongful death. Western is not injured by the unamended statute, but by the legislature's decision not to make the amended statute retroactive.

Therefore, we hold that James' cause of action for Brenda's wrongful death is legitimate, and the judgment of the District Court is affirmed.

_____
                Justice

We Concur:

_____
       Chief Justice

_____

_____

_____

_____
        Justices

- 5 -

Mr. Justice Fred J. Weber dissents as follows:

I disagree with the majority conclusion that for three years after the enactment of the amended statute, two causes of action existed for the wrongful death of Brenda Barrett.

As amended after Brenda's death, § 27-1-512, MCA, provided that either parent may maintain an action for death of a minor child. The amendment did not significantly change the prior statute, § 93-2809, RCM (1947), which provided that a father or in case of his death or desertion, the mother, may maintain an action for the death of a minor child. The key point is that in the statute before and after amendment, a father or a mother may maintain an action, but there is provision for only one action for the death of a minor child.

This section is a companion to § 27-1-513, MCA, which in substance provides that when the death of an adult is caused by the wrongful act or neglect of another, "his heirs or personal representatives" may maintain an action for damages. Section 27-1-513, MCA, has been construed in a number of Montana cases. In State ex rel Carroll v. District Court (1961), 139 Mont. 367, 364 P.2d 739, this Court concluded that the section specifically provided but one action for a wrongful death. The reasoning of Carroll should be applied here.

Both statutes provide that certain persons "may maintain an action." If there is but one cause of action under Carroll, clearly there is only one cause of action under § 93-2809, RCM (1947) and under § 27-1-512, MCA. The majority speaks of the statute giving the father a cause of action for his daughter's death. This suggests that the statute somehow vests in the father a right to retain any recovery in the action. Both §§ 27-1-512 and -513 specify the parties who may maintain an action involving injury or death, but neither

6

attempts to specify the parties who are entitled to retain damages recovered.

The amendment to § 27-1-512, MCA, was part of a legislative act which was adopted in order to eliminate discrimination on the basis of sex. No new rights were created on the part of either parent. Under the statute before as well as after amendment, either a father or a mother could maintain an action. The amendment eliminated a bias allowing the father to sue first and granting to the mother the right to sue only in case of the father's death or desertion. I conclude that § 27-1-512, MCA, is procedural in nature. Because the amendment was procedural only, the action filed by the mother after the amendment of the statute was proper. See 1A Sutherland Statutory Construction § 22.36 (Sands ed. 1972). It constituted the single action which could be maintained for the death of the daughter.

The majority concludes that because the amended statute was not made retroactive, there existed the possibility of two causes of action for wrongful death. That ignores the provision of the statute which in substance states that a father or a mother may maintain an action for death of a minor child and further states that such action may be maintained against the person causing the death. Clearly the statute contemplates a single action even prior to amendment. In addition we have the Carroll interpretation of the companion statute. The majority also disregards other states such as California, Oklahoma, Alaska, and Arkansas, which have held that similar statutes permit only one action for a wrongful death. See Mayerhoff v. Kaiser Foundation Health Plan (1977), 138 Cal. Rptr. 319; Mitchell v. Mitchell (Alaska 1982), 655 P.2d 748; Wilson-Harris v. Southwest Telephone Co. (Oklahoma 1943), 141 P.2d 986; Reed v. Blevins (Ark. 1953),

7

258 SW.2d 564, cert. denied, 347 U.S. 937 (1954). Under the rationale of the majority, it can be argued that the revised statute gives to either parent a cause of action for a death of a minor, in the same manner that James Barrett was given a cause of action in the present case. If that is true, judgment entered in an action brought by either parent would not of necessity bar suit by the other parent. By analogy, the same argument could be made for overruling Carroll. As an example, if an action were brought under § 27-1-513, MCA, by an heir of a deceased, and judgment were entered for such plaintiff heir, the cause of action would not necessarily bar recovery in a second action by other heirs who were not joined in the first action. Presumably each heir could argue he was given a cause of action by the statute so that more than one action could be brought for the death of an adult. Such results were not contemplated by the statutes.

I would reverse the District Court, holding there was one cause of action for the death of the minor child.

_____
Justice

Mr. Chief Justice J. A. Turnage and Mr. Justice L. C. Gulbrandson join in the dissent of Mr. Justice Fred J. Weber

8