No. 81-119

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

RONALD C. WYSE,

        Relator,

  -vs-

DISTRICT COURT OF THE FOURTH JUDICIAL
DISTRICT OF THE STATE OF MONTANA, MISSOULA
COUNTY, JOHN S. HENSON, Dist. Judge,

        Respondent.

ORIGINAL PROCEEDING:

Counsel of Record:

    For Relator:

        Ronald C. Wyse, Pro Se, Missoula, Montana

    For Respondent:

        Robert L. Deschamps, III, County Attorney,
        Missoula, Montana

Submitted: September 23, 1981

Decided: NOV 25

Filed: NOV 25 1981

*Thomas J. Kearney*

Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Relator, Ronald C. Wyse, petitioned this Court for a writ of review on March 23, 1981, concerning the order of the District Court of the Fourth Judicial District of the State of Montana, in and for the County of Missoula, finding him guilty of contempt as hereafter stated.

Relator Wyse is an attorney duly licensed to practice law in the State of Montana. In the afternoon of October 28, 1980, Wyse was contacted by Alan Robbins, a California state senator. Robbins informed Wyse that he had recently been charged with sexual misconduct involving two minor girls. Robbins further stated that one of the minor girls making the accusations formerly resided in Missoula, and it was Robbins' belief that she had been the subject of a juvenile proceeding while in Missoula. Robbins informed Wyse that a grand jury was to be convened on October 30 (forty-eight hours later) to consider the charges. Wyse agreed to provide all the information he could obtain to assist Robbins.

That same day Wyse discovered that his firm had represented the mother of the girl in a dependent and neglected child action in 1977. Wyse decided to look at the court file in the matter to determine if it contained any information which was not contained in the law firm's file. Wyse obtained the court file from the clerk of court by representing himself as a member of the firm that handled the neglected child action.

Later that same day Wyse went to examine the county attorney's file. The county attorney's file contained a psychologist's report that was not present in the other

files. Wyse made a photocopy of the report, included it with the other information he had collected and sent the information to Robbins and his attorney in California.

Upon discovering that Wyse had obtained this information from the files, the Missoula County Attorney petitioned the District Court for an order directing Wyse to appear and show cause why he should not be held in contempt of court under section 3-1-501(1), MCA.

Although this action involved contempt of court, the specific act at issue was the release by Wyse of dependent and neglected child files to persons not authorized to receive them. Section 41-3-205, MCA, prohibits "dissemination" of such files without authorization, and anyone violating this provision is deemed guilty of "a misdemeanor." At the hearing, Wyse made a motion in limine to restrict any testimony as to how he obtained the file from the county attorney's office. The motion was denied. Wyse admits he was aware that such files are confidential and could be released pursuant to some statutory procedure. However, he did not attempt to comply with the statute. The District Court held that Wyse's actions constituted a violation of the duty of an attorney and was found in contempt of court under section 3-1-501(1)(c), MCA.

The basic issue here is whether an unauthorized dissemination, under section 41-3-205, MCA, occurred when relator (Wyse) released the information contained in the dependent and neglected child files.

Section 41-3-205, MCA, provides:

"Confidentiality. (1) The case records of the department of social and rehabilitation services and its local affiliate, the county welfare department, the county attorney, and

-3-

the court concerning actions taken under this chapter and all records concerning reports of child abuse and neglect shall be kept confidential except as provided by this section. Any person who permits or encourages the <u>unauthorized dissemination</u> of their contents is guilty of a misdemeanor.

"(2) Records may be used by interagency interdisciplinary child protective teams as authorized under 41-3-108 for the purposes of assessing the needs of the child and family, formulating a treatment plan, and monitoring the plan. Members of the team are required to keep information about the subject individuals confidential.

"(3) Records may be disclosed to a court for in camera inspection if relevant to an issue before it. The court may permit <u>public disclosure</u> if it finds such disclosure to be necessary for the fair resolution of an issue before it.

"(4) Nothing in this section is intended to affect the confidentiality of criminal court records of law enforcement agencies." (Emphasis added.)

Relator argues that in order to ascertain the intent of the statute, the word "dissemination" must be strictly analyzed. He alleges that the meaning of the word "dissemination" is synonymous with "public disclosure" and is defined by the dictionary as "to broadcast" or "communicate widely." (Webster's International Dictionary, 2nd Ed. at 753.) Therefore, he argues that the statute does not apply to the type of communication involved here.

The intent of a statute cannot be derived from the definition of one word. A statute derives its meaning from the entire body of words taken together. This Court in State ex rel. Freeman v. Abstracters Board of Examiners (1935), 99 Mont. 564, 577, 45 P.2d 668, 670, stated:

"'The meaning of a given term employed in a statute must be measured and controlled by the connection in which it is employed, the evident purpose of the statute, and the subject to which it relates' (Northern

-4-

Pacific Ry. Co. v. Sanders County, 66 Mont. 608, 612, 214 Pac. 596), and, if the term has a well-defined meaning in the law, its use, without specific definition, will not render the Act inoperative for uncertainty (State ex rel. Lyman v. Stewart, 58 Mont. 1, 190 Pac. 129)."

Relator admits in his brief, and admitted at the hearing, that he knew the records of juvenile matters were generally protected and that one could not disseminate such information publicly. He also stated that he did not bother to look up the statute, but that he "would have expected to have found some provision for some kind of court hearing to get a ruling as to its ultimate public disclosure." Relator cannot argue that the statute is vague when he admits knowing that this type of statute exists and admits knowing that a court order is required to obtain the information in the file. Relator is an officer of the court, a licensed professional. He is not subject to the reasonable man standard but to a higher standard, one dictated by the nature of his profession.

Relator further contends that the provision contained in section 41-3-205(3), MCA, which provides for court approval to release the information does not apply here because there was no issue before the court. Relator had simply to file a petition requesting the court to release the information and an "issue" would have been before the court.

The next argument relator presents is that the information must be communicated to the defendant and co-counsel to determine if the information is relevant to their defense; also, that any requirement that defense counsel obtain a court order prior to that time makes it

impossible to obtain such an order. The statute is clear that information relating to dependent and neglected children will not be released unless a court order is obtained. To say that one needs to release the information before one can determine if it is relevant is contrary to the clear intent of the statute. If the information contained in the file is not relevant, then the attorney will just have to "discover" other sources of information. The attorney takes a chance that the file contains relevant information. Again, the attorney must obtain a court order before he obtains the information in the file, not after the fact.

Finally, the relator contends that, "Authorized dissemination is not limited to statutory authorization." Relator suggests by his argument that persons who are not authorized by statute to receive the information often do and that he should not be singled out.

The law is often applied discriminately. A police officer does not cite all speeders, drinking drivers, negligent drivers, etc. The fact that relator was cited is part of the discretionary aspect of the law and simply because a possible violation may have gone unnoticed does not mean that all persons are thereby free to violate the statute.

The writ of review is hereby denied.

_____
Justice

-6-

We concur:

_____
Chief Justice

_____


_____


_____
Justices

Mr. Justice Fred J. Weber specially concurs:

I concur in the conclusion of the majority that the requested writ of review be denied. However, I do not concur in all that is said in the majority opinion.

I do not find that section 41-3-205(3), MCA, sets out a procedure under which relator could have petitioned the Court for a release of information and thereby created an "issue" as provided in that code section. I believe paragraph (3) applies where a court already has an issue before it and record disclosure relates in some manner to that issue. That is not the fact situation here.

Nonetheless, I do find that section 41-3-205(1) contains a prohibition against unauthorized dissemination. That paragraph in part states: "Any person who permits or encourages the unauthorized dissemination of their contents is guilty of a misdemeanor." The facts show a dissemination by relator of information to an attorney and client in California which was not authorized in any manner.

Relator is charged with a contempt under section 3-1-501(c), MCA, which in pertinent part provides:

> "(1) The following acts . . . in respect to a court of justice or proceedings therein are contempts of the authority of court:
>
> "(c) . . . violation of duty by an attorney . . ."

Relator is both an attorney and law professor and is aware of the standards of professional conduct required of him in those capacities. Relator could readily have contacted a judge of the district court in Missoula, whether in person or by telephone, and requested authority to disseminate the information. He chose instead to make an unauthorized dissemination to the persons in California. Clearly that

constitutes a violation of his duty as an attorney and is therefore a contempt within the statute. Relator in good faith was seeking to help a friend and client and was faced with limited time in which to furnish the information. However, I do not find facts warranting the unauthorized dissemination. I therefore join in the holding of the majority.

Justice

Mr. Justice Daniel J. Shea dissents and will file a written dissent later.