No. 87-178

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

DARYLE R. MURPHY, as Guardian
Ad Litem for L.C.,

　　　　　　Plaintiff and Appellant,

　　　-vs-

STATE OF MONTANA, and THE DEPARTMENT
OF INSTITUTIONS FOR THE STATE OF
MONTANA,

　　　　　　Defendants and Respondents.


APPEAL FROM:　District Court of the First Judicial District,
　　　　　　　　In and for the County of Lewis & Clark,
　　　　　　　　The Honorable Thomas Honzel, Judge presiding.

COUNSEL OF RECORD:

　　　For Appellant:

　　　　　　Anderson, Edwards & Molloy; Donald W. Molloy,
　　　　　　Billings, Montana
　　　　　　Terry Seiffert, Billings, Montana
　　　　　　Gary Wilcox, Billings, Montana
　　　For Respondent:

　　　　　　Kim Kradolfer, Agency Legal Services Bureau, Helena,
　　　　　　Montana


Submitted on Briefs:　Sept. 17, 1987

Decided: December 10, 1987

Filed: DEC 10 1987

_Ethel M. Harrison_
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Daryle Murphy in his capacity as guardian ad litem for Linda Cawley appeals from an order of the District Court, First Judicial District, Lewis and Clark County, dismissing plaintiff's claims against the State of Montana and the Department of Institutions on the grounds that the statute of limitations had run. We reverse.

The issue before this Court is whether the District Court properly dismissed the plaintiff's complaint as barred by the statute of limitations.

The plaintiff was born in 1950. In 1963, at the age of 13, plaintiff was confined to the State Hospital at Warm Springs. From 1964 until 1975, while confined at the State Hospital, plaintiff was allegedly subjected to a wide variety of tortious conduct. The plaintiff was discharged from Warm Springs in July, 1975. In August, 1976, plaintiff, using a toy gun, took a hostage and demanded to speak to the Governor of the State of Montana to complain about conditions at Warm Springs. Plaintiff was charged with aggravated assault and was subsequently acquitted by reason of insanity. During the interim between the plaintiff's discharge from Warm Springs and the present time, the State has filed six separate formal commitment proceedings against the plaintiff on the basis of serious mental illness.

In July, 1986, the plaintiff filed a motion for appointment of a guardian and Daryle Murphy was appointed guardian ad litem. Also, in July, 1986, plaintiff filed her action against the State of Montana and the Department of Institutions for the State of Montana.

In September, 1986, the defendants introduced a motion to dismiss plaintiff's complaint as barred by the applicable

statute of limitations. On March 5, 1987, the District Court granted the defendants' motion and dismissed the plaintiff's complaint. The plaintiff appeals from the judgment of the District Court.

The plaintiff's complaint sounds in tort and as such the statute of limitations is delineated in §§ 27-2-204 and 27-2-401, MCA. The general rule regarding the statute of limitations for tort actions in Montana is provided in § 27-2-204, MCA:

> 27-2-204. Tort actions--general and personal injury. (1) The period prescribed for the commencement of an action upon a liability not founded upon an instrument in writing is within 3 years.
>
> (2) The period prescribed for the commencement of an action to recover damages for the death of one caused by the wrongful act or neglect of another is within 3 years.
>
> (3) The period prescribed for the commencement of an action for libel, slander, assault, battery, false imprisonment, or seduction is within 2 years.

However, there are exceptions to the general statute of limitations when the person entitled to bring the action is afflicted with singular or multiple disabilities. These exceptions are delineated in § 27-2-401, MCA (1985), which provides:

> 27-2-401. When person entitled to bring action is under a disability. (1) If a person entitled to bring an action mentioned in part 2, except 27-2-211(3), is, at the time the cause of action accrues, either a minor, seriously mentally ill, or imprisoned on a criminal charge or under a sentence for a term less than for life, the time of such disability is not a part of the time limited for commencing the action. However, the time so limited cannot be extended more than 5 years by any such disability except minority or, in any case, more than 1 year after the disability ceases.

- 3 -

(2) If an action is barred by 27-2-304, any of the heirs, devisees, or creditors who at the time of the transaction upon which the action might have been founded was under one of the disabilities mentioned in subsection (1) may, within 5 years after the cessation of such disability maintain an action to recover damages. In such action he may recover such sum or the value of such property as he would have received upon the final distribution of the estate if an action had been seasonably commenced by the executor or administrator.

(3) No person may avail himself of a disability unless it existed when his right of action or entry accrued.

(4) When two or more disabilities coexist at the time the right of action or entry accrues, the limitation does not attach until they are both removed. (Emphasis added.)

In construing § 27-2-401, MCA, this Court will adhere to Montana's well established rules regarding the construction and interpretation of statutes.

In State v. Hubbard (1982), 200 Mont. 106, 111, 649 P.2d 1331, 1333, this Court stated:

The intention of the legislature must first be determined from the plain meaning of the words used, and if interpretation of the statute can be so determined, the courts may not go further and apply any other means of interpretation.

See also State v. Austin (Mont. 1985), 704 P.2d 55, 42 St.Rep. 1186.

Upon examining § 27-2-401, it is apparent to us from the plain meaning of the words employed that the legislature intended to toll the statute of limitations for persons with a right of action suffering from coexisting disabilities until "both" of the disabilities cease.

It should be noted that the statute (§ 27-2-401) adopted in 1987 is not identical to the 1985 version of § 27-2-401, MCA. For our purposes, the pertinent change occurred in the

last line of § 27-2-401(4) where the word "all" was substituted for the word "both." The other changes involve minor alterations of the last sentence in both subsections one and two.

We must disagree with the District Court's assertion that subsection (1) and subsection (4) are in conflict with each other. It is our opinion that subsection 1 is invoked when the person entitled to bring an action is laboring under a single disability. The language utilized in the delineations of the disabilities which will invoke the tolling is in the disjunctive, indicating that subsection (1) is to apply exclusively to those persons with single disabilities.

We hold that the last sentence in § 27-2-401(1), MCA, should not be construed as specifying a period of ultimate repose for the whole statute, rather it is applicable only to subsection (1).

In contrast, the language utilized in § 27-2-401(4), MCA, is specifically directed at situations where the person entitled to bring an action is suffering from two or more coexisting disabilities at the time the right of action accrues. Further, the language and wording of subsection (4) make it abundently clear that the legislature intended that in such cases the statute of limitations is to be tolled until all of the disabilities existing at the time the right of action accrued are removed.

This Court has previously held that "[a] statute derives its meaning from the entire body of the words taken together." Wyse v. District Court of the 4th Judicial District (1981), 195 Mont. 434, 437, 636 P.2d 865, 866.

As we have previously stated there are no conflicts between the subsections of § 27-2-401, when the statute is taken as a whole. Subsection (1) applies to situations where

the person with the right of action has a single disability. Subsection (4) comes into play if two or more disabilities are present. To interpret the statute in such a manner that subsection (1) conflicts with subsection (4) is to suggest that the legislature had little or no understanding of the law they were enacting. Such an interpretation would render subsection (4) meaningless. Such a result is not reasonable.

> It is a further fundamental role of statutory construction that the unreasonableness of the result produced by one interpretation is reason for rejecting it in favor of another that would produce a reasonable result. In Re Kay's Estate (1953), 127 Mont. 172, 260 P.2d 391.

Johnson v. Marias River Electric Co-op, Inc. (Mont. 1984), 687 P.2d 668, 671, 41 St.Rep. 1528, 1532.

In analyzing § 27-2-401, MCA, the District Court concludes that with the exception of minority, the ultimate repose for any person entitled to bring an action, whether suffering from a singular or multiple disability is five years. Such an interpretation is inconsistent and at odds with the plain meaning of subsection (2) as well as that of subsection (4). Section 27-2-401(2), MCA, provides a tolling of the statute of limitations that could be far in excess of the District Court's suggested ultimate repose of five years, as the statute is tolled for the duration of the heir's, devisee's or creditor's disability plus an additional five years after such a disability ceases. As § 27-2-401(2) clearly indicates there is not a five year period of ultimate repose and as such the District Court erred in applying such a limitation to § 27-2-401(4).

A legislative body is presumed to have inserted every provision for some useful purpose. Under the District Court's construction of the statute, subsection (4) of § 27-2-401, MCA, serves no useful purpose. In Montana Wildlife

Federation v. Sager (1980), ___ Mont. ___, 620 P.2d 1189, this Court stated that it will not interpret a statute so as to defeat its obvious purpose. We further stated that the objects sought to be achieved by the legislature are prime considerations in interpreting a statute. Section 27-2-401, MCA, shows an objective on the part of the Montana legislature to afford adequate protection to those unfortunate citizens who suffer from dual or multiple disabilities when their right to bring an action accrues. The statute insures that these Montanans will have the right to seek full legal redress at a time when they or a guardian are in a position to do so.

In the immediate case, Linda Cawley was suffering from two statutorily-defined disabilities, mental illness and minority. These disabilities coexisted at the time the allegedly tortious conduct occurred and her right of action accrued. Although the plaintiff is no longer a minor, the statute of limitations is still tolled as the evidence indicates that since the plaintiff's right of action accrued she has been and continues to be seriously mentally ill.

The plain meaning of the words used in § 27-2-401(4) clearly indicate that the statute of limitations on Linda Cawley's claim has not expired and will not expire so long as she suffers from mental illness.

Reversed and remanded for proceedings consistent with this Opinion.

John C. Shehy
_____
Justice

We Concur:

F. A. Turnage
_____
Chief Justice

John Conway Harrison
_____

- 7 -

_____

_____

_____

_____
Justices