No. 14989

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

JAMES E. SHANNON,

Claimant and Appellant,

-vs-

PAUL C. KELLER and LYNN SORDIE,
d/b/a K & S TRANSPORT,

Employer,

and

STATE COMPENSATION UNINSURED EMPLOYERS'
FUND,

Defendant and Respondent.

---

Appeal from: Workers' Compensation Court, The Honorable
William E. Hunt, Judge presiding.

Counsel of Record:

For Appellant:

Olsen, Christensen & Gannett, Billings, Montana

For Respondent:

Tim Reardon, Helena, Montana

---

Submitted on Briefs: March 27, 1980

Decided: JUN 24 1980

Filed: JUN 24 1980

_Thomas J. Kearney_
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Claimant-appellant James E. Shannon sought benefits from the Uninsured Employers' Fund for injuries received September 24, 1977. Claimant appealed to the Workers' Compensation Court after relief had been denied by the Division of Workers' Compensation. The Workers' Compensation Court also denied relief and Shannon brings this appeal.

Claimant, James E. Shannon, was employed by Paul C. Keller and Lynn Sordie, d/b/a K & S Transport, in September 1977. On September 24, 1977, Shannon was seriously injured when a tractor-trailer rig was involved in an accident in Deer Lodge County. At the time of the accident, claimant was a relief driver and was in the truck sleeper. His injuries consisted of multiple fractures and resulted in hospitalization and extensive treatment. Shannon's employer did not have workers' compensation insurance coverage.

In June 1978, claimant filed a claim with the Division of Workers' Compensation, seeking benefits from the Uninsured Employers' Fund. His claim was denied on the ground that his injury occurred before the effective date of the payout provision of the Uninsured Employers' Fund.

Claimant's petition to the Workers' Compensation Court was denied. The judgment was based on the following provision contained in section 92-214, R.C.M. 1947 (not codified in MCA):

> "Effective date of uninsured employers fund. Except as provided in this section, 92-212 is effective on July 1, 1977. Payouts for benefits may not be made from the uninsured employers fund until the fund attains a level of $150,000 or January 1, 1979, whichever occurs first. However, until payouts for benefits from the uninsured employers fund begin, an uninsured employer, as defined in 92-212(1), is subject to suit by an employee who suffers an injury arising out of and in the course of employment. . ." (Emphasis added.)

The Workers' Compensation Court found:

> "That the Division's position relative to the

> retroactive effect of the Uninsured Employers'
> Fund to cover accidents occurring prior to January
> 1, 1979 is intended to preserve the fund and make
> it solvent for accidents happening after January 1,
> 1979 and said construction is a valid and correct
> construction of the law."

The claimant contends on appeal that the date specified to commence payouts, i.e. the date on which the fund attains a level of $150,000 or January 1, 1979, whichever occurs first, merely requires a claimant to wait until this date to secure payment but does not preclude recovery for injuries sustained prior to the date. This contention is based upon the effective date of the statute, July 1, 1977.

The sole issue on appeal is whether an employee, who was injured prior to the effective payout date of section 92-214, R.C.M. 1947, may collect benefits from the Uninsured Employers' Fund.

If the statute is plain, unambiguous, direct and certain, the statute speaks for itself and there is nothing left for the Court to construe. Dunphy v. Anaconda Co. (1968), 151 Mont. 76, 438 P.2d 660; Doull v. Wohlschlager (1963), 141 Mont. 354, 377 P.2d 758. If the statute is ambiguous or unclear the intention of the legislature is to be pursued if possible. Section 1-2-102, MCA. To ascertain the legislative intent, recourse must first be had to the language employed and to the apparent purpose to be subserved. State ex rel. Krona v. Holmes (1943), 114 Mont. 372, 136 P.2d 220.

In order to more plainly determine the legislative intent and purpose in passing the Uninsured Employer's Fund, the relevant statutes are set out below as they were presented to the legislature, Ch. 550, Laws of Montana (1977), and as contained in R.C.M. 1947. Section 92-214, R.C.M. 1947, has not been codified in MCA. The remaining portion of the Uninsured Employers' Fund has been codified in sections 39-71-501, MCA through 39-71-510, MCA.

- 2 -

"92-213. Election of uninsured employee to take under the fund or bring action against employer-- limitation on benefit entitlement under the fund. (1) An employee who suffers an injury arising out of and in the course of employment while working for an uninsured employer as defined in 92-212(1), or an employee's beneficiaries in the injuries resulting in death, may elect to either receive benefits from the uninsured employers fund or pursue a damage action against the employer. However, once an election has been made to either take from the fund or pursue a damage action, the election is final and binding on the employee or the employee's beneficiaries, heirs, and personal representatives. An injured employee or the employee's beneficiaries may not receive both benefits from the fund and pursue a damage action. If an injured employee or the employee's beneficiaries elect to bring an action to recover damages for personal injuries sustained or for death resulting from personal injuries so sustained, it is not a defense for the employer that the:

"(a) employee was negligent unless such negligence was willful:

"(b) injury was caused by the negligence of a fellow employee; or

"(c) employee had assumed the risks inherent in, incident to, or arising out of his employment or arising from the failure of the employer to provide and maintain a reasonably safe place to work or reasonably safe tools or appliances.

"(2) Notwithstanding the provisions of 92-212 and 92-614, injured employees or an employee's benefi- ciaries who elect to receive benefits from the un- insured employers fund are not granted an entitle- ment by this state for full workers' compensation benefits from the fund. Benefits from the fund shall be paid in accordance with the sums in the fund. If the division determines at any time that the sums in the fund are not adequate to fully pay all claims, the division may make appropriate proportionate reductions in benefits to all claim- ants. The reductions do not entitle claimants to retroactive reimbursements in the future." (Emphasis added.)

"92-214. Effective date of uninsured employers' fund. Except as provided in this section, 92-212 is effective on July 1, 1977. Payouts for benefits may not be made from the uninsured employers' fund until the fund attains a level of $150,000 or Jan- uary 1, 1979, whichever occurs first. However, until payouts for benefits from the uninsured employers' fund begin, an uninsured employer, as defined in 92-212(1), is subject to suit by an employee who suffers an injury arising out of and in the course of employment. In any such action to recover damages for personal injuries sustained or for death resulting from personal injuries so

- 3 -

sustained, it is not a defense that the:

"(1) employee was negligent unless such negligence was willful;

"(2) injury was caused by the negligence of a fellow employee; or

"(3) employee had assumed the risks inherent in, incident to, or arising out of his employment or arising from the failure of the employer to provide and maintain a reasonably safe place to work or reasonable safe tools or appliances."

The ambiguity created under the two preceding statutes is the result of the legislative failure to expressly specify that causes of action arising prior to the effective payout date may only be maintained against the employer. However, this intent is readily determinable from the language of the statutes and the apparent underlying purpose. Section 92-214, R.C.M. 1947, states that July 1, 1977, is the effective date for section 92-212, R.C.M. 1947, which creates the Uninsured Employers' Fund and reveals the purpose, funding and administration of the fund. Section 92-214, R.C.M. 1947, further provides that in the period between July 1, 1977, and January 1, 1979, an injured employee may initiate an action against the uninsured employer who does not have the benefit of certain common law defenses. The purpose of this provision is to allow the fund to attain a sufficient level to pay claims without a substantial risk of insolvency. This purpose is further bolstered by the provision of 92-213(2), R.C.M. 1947, which provides that injured employees are not entitled to retroactive reimbursements if the division determines that there is not sufficient funds to pay all benefits.

We conclude that the legislative intent and purpose for including section 92-214, R.C.M. 1947, was to ensure the likelihood of the Fund's solvency by requiring employees injured prior to the effective date to seek recovery from the uninsured employer. Without this interpretation, the Uninsured Employers' Fund would

- 4 -

immediately become available to hundreds of claimants injured prior to January 1, 1979, which would defeat the purpose of the effective date provision contained in section 92-214, R.C.M. 1947.

The judgment of the Workers' Compensation Court is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices