No. 84-537

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

STATE OF MONTANA,

        Plaintiff and Appellant,

  -vs-

PAT WAYNE AUSTIN, and
WAYNE R. CROSS,

        Defendants and Respondents.

APPEAL FROM:  District Court of the Twelfth Judicial District,
             In and for the County of Hill,
             The Honorable Chan Ettien, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Ronald W. Smith, County Attorney, Havre, Montana
        Ed Corrigan argued, Deputy County Attorney, Havre

    For Respondents:

        Morrison, Barron & Young; Robert D. Morrison argued,
        Havre, Montana

Submitted:  June 17, 1985

Decided:  August 5, 1985

Filed:  AUG 5 - 1985

_Ethel M. Harrison_

Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

The State appeals an order entered in the Twelfth Judicial District, Hill County, dismissing the charges against defendants for violating § 87-3-122, MCA, fish and wildlife regulation making illegal spotlighting from a motorized vehicle while in possession of weapons. We affirm the order dismissing the charges, but for reasons different from those given by the court below.

On November 3, 1983, at 6:25 p.m., Officer Gary Benson of the Department of Fish, Wildlife and Parks issued complaints with notices to appear in Justice Court to Pat Wayne Austin and Wayne R. Cross. The complaints charged violations of § 87-3-122, MCA, "[printed form] in that defendant did knowingly, purposely or negligently [handwritten part] shine spotlight with weapons in vehicle." The complaint in separate portion from the charge noted receipt of a Ruger .270, a .22 rifle, and a spotlight, but the receipt was not signed or acknowledged by the parties. Defendants decided not to contest the matter in Justice Court in order to make an immediate appeal to District Court where they filed a motion to dismiss the charges.

The District Court, in granting the motion to dismiss, concluded that § 87-3-122, MCA, was invalid for failure to require a criminal mental state without meeting the requirements of an absolute liability offense. Furthermore, the court found the statute void on its face for vagueness and overbreadth for failure to clarify the meaning of the term "other implement."

The State raises the following issue on appeal:

Is § 87-3-122, MCA, unconstitutionally vague and overbroad in failing to expressly require a culpable mental

2

state and failing to define "other implement" whereby wildlife or domestic animal could be killed by aid of artificial light?

To the above issue, respondent also asks: Does the statute fail to indicate a legislative purpose to impose absolute liability for the conduct described?

The text of the statute follows:

> "87-3-122. Spotlighting unlawful. (1) It is unlawful for any person or one or more of a group of persons together to throw or cast the rays of a spotlight having a luminance of greater than .75 candlepower attached to or cast from a motorized vehicle into any field, pasture, woodland, forest or prairie wherein wildlife or domestic livestock may be or may be reasonably expected to be while having in his possession or their possession or under control a firearm or other implement whereby any wildlife or domestic animal could be killed by aid of an artificial light.
>
> "(2) (a) All officers authorized to enforce the game and livestock laws of the state of Montana and all landowners, lessees, or their agents, while on their own lands in connection with their legitimate activities, and employees of such landowners, lessees, and agents are exempt from the provisions of this section.
>
> "(b) The provisions of this section do not apply where the headlights of a motor vehicle, operating and proceeding in a normal manner on any highway or roadway, cast a light upon such animal on or adjacent to the highway or roadway and there is no intent or attempt to locate that animal.
>
> "(3) A person convicted of violating subsection (1) of this section shall be fined not to exceed $500 or be imprisoned in the county jail for any term not to exceed 6 months, or both."

The State contends that this statute gives adequate notice to ordinary persons of the conduct prohibited, i.e., the use of a spotlight with the intent to locate or hunt domestic animals or wildlife while having in possession a

firearm or other implement capable of killing an animal. Conceding that a mental state is required, the State asks this Court to imply the culpable mental state in order to further the legislative intent to prohibit hunting with a spotlight.

This Court will not imply a mental state which would arbitrarily make some persons guilty of an offense, while excepting others committing the offense. To ascertain legislative intent, we look first to the language employed and the apparent purpose subserved. Shannon v. Keller (1980), 188 Mont. 224, 612 P.2d 1293. The language of § 87-3-122 clearly makes it an offense to shine a spotlight on a field where wild or domestic animals may be found while in possession of a weapon of some kind capable of killing. The statute excepts landowners, lessees, or agents, thus allowing an arbitrary application of the statute and leading to discriminatory enforcement. From the plain meaning of the statute, we will go no further to find other means of interpretation. State ex rel. Sol v. Bakker (Mont. 1982), 649 P.2d 456, 39 St.Rep. 1471.

Although the meaning of the statute is plain, the legislative purpose is not clear. "Our duty in interpreting a statute is to give effect to the objects of the statute, to construe it so as to promote justice, and to give such construction to the statute as will preserve the constitutional rights of the parties." Mackin v. State (Mont. 1980), 621 P.2d 477, 481, 37 St.Rep. 1998, 2002, citing Yurkovich v. Industrial Accident Board (1957), 132 Mont. 77, 314 P.2d 866. The object of the statute appears to be to create an absolute liability offense of spotlighting with weapons in vehicle with exceptions which deny equal protection and fail to promote justice.

4

Under an absolute liability offense, a person may be found guilty without having any of the mental states of knowingly, purposely or negligently, provided that the fine not exceed $500 and the statute indicate a legislative purpose to impose absolute liability for the conduct. Section 45-2-104, MCA. Section 87-3-122, MCA, however, exceeds absolute liability penalties in providing a misdemeanor penalty of a possible fine of $500 and jail term of six months. Thus, it defines a misdemeanor offense. Upon conviction a violator shall be punished as provided by law for misdemeanor offenses. Sections 87-3-505 and 87-1-102, MCA.

We find the statute unworkable to hold the defendants liable for the conduct charged. We have another statute defining a misdemeanor offense which correctly prohibits the alleged conduct and provides the missing intent to hunt or locate animals with the aid of an artificial light.

> "General restrictions. It is unlawful for anyone to take, capture, shoot, kill, or attempt to take, capture, shoot, or kill any game animal or game bird from any self-propelled or drawn vehicle or on or from any public highway in the state of Montana or by the aid or with the use of any set gun, jacklight or other artificial light, trap, snare, or salt lick; nor may any such set gun, jacklight or other artificial light, trap, snare, salt lick, or other device to entrap or entice game animals or game birds be used, made or set." Section 87-3-101, MCA. (Emphasis added.)

The penalty provision for the same part provides for a misdemeanor offense:

> "Penalty. Any person violating any of the provisions of this part shall be guilty of a misdemeanor and upon conviction thereof shall be punished as provided by law." Section 87-3-505, MCA. (Emphasis added.)

5

Furthermore, any violation under Title 87, Fish and Wildlife, is a misdemeanor offense punishable as such unless otherwise expressly provided by law.

> "Penalties. (1) A person violating any provision of this title, any other state law pertaining to fish and game, or the orders or rules of the commission or department is, unless a different punishment is expressly provided by law for the violation, guilty of a misdemeanor and shall be fined not less than $50 or more than $500, imprisoned in the county jail for not more than 6 months, or both. In addition, the person shall be subject to forfeiture of his license and privilege to hunt, fish, or trap within this state for a period of not less than 24 months from the date of conviction." Section 87-1-102, MCA. (Emphasis added.)

Thus, we have an appropriate statute and clear legislative purpose to create a misdemeanor, not a strict liability offense.

The reason that § 87-3-122, MCA, fails is inherent in the statute. While § 87-3-101, MCA, on unlawful conduct for hunters has remained relatively unchanged since enacted in 1921, § 87-3-122, MCA, has undergone a myriad of changes. From 1921 to 1975, § 87-3-122, MCA, was a convenient catch-all provision for exceptions to and exemptions from existing hunting and fishing provisions. Until amended in 1975 its purpose was not to delineate any offenses but rather to enumerate current nonoffenses at each time of enactment, as well as conditions upon exceptions or exemptions to enacted offenses.

Following an amendment in 1975, § 87-3-122, MCA, became an offense statute with a penalty provided. Perhaps the legislature considered this statute an appropriate locus for "spotlighting" since one of its past exemptions permitted hunting of predatory animals, pest birds, and some other animals, including jackrabbits at anytime (without a

6

license), but made it illegal to hunt jackrabbits on private land with artificial light without first obtaining written permission of the landowner or agent. Section 26-215, RCM (1947).

Until amended in 1975, no enactment mentioned domestic animals; the statute covered only those fish, game, birds, predatory animals and later predatory mammals under the protection or authority of the department of fish and wildlife. Under § 87-1-201, MCA, the department has the power and duty to "supervise all the wildlife, fish, game and nongame birds, waterfowl, and the game and fur-bearing animals of the state" and to enforce all the laws of the state related to preserving, protecting and propagating these game animals, fish and birds.

In mentioning domestic livestock the legislative purpose of § 87-3-122, MCA, ceases to be solely the prohibition of hunting game animals with a spotlight. Unless the classification touches on a fundamental right or is drawn upon an inherently suspect distinction, the requirement for scrutiny is that the statute be rationally related to a legitimate state interest. Small v. McRae (Mont. 1982), 651 P.2d 982, 996, 39 St.Rep. 1896, 1913. Here, § 87-3-122, MCA, is not rationally related to the State interest involved, i.e., the protection of its wildlife. This statute opens the door to arbitrary exceptions for those exempted, i.e., landowners, lessees or their agents, who, while engaged in other legitimate activities related to their domestic animals or real property, may claim a defense to an actual violation of the offense in § 87-3-122, MCA.

This Court will affirm the order dismissing the charges. A statute conceived originally for exemptions and exceptions to other offenses under the fish and game title is a

7

nullity as reenacted in 1975 as an offense provision prohibiting "spotlighting" in general while allowing exceptions which would permit arbitrary and irrational enforcement by law enforcement officers.

We hold that § 87-3-122, MCA, as enacted is inadequate to serve the legislative purpose of prohibiting the use of artificial light ("spotlighting") with the intent to hunt for animals.

Affirmed.

J. A. Turnage
Chief Justice

We concur:

John Conway Harrison

Justices