CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
Corey Huebner was convicted by a jury in the District Court of the Fifth Judicial District, Madison County, of the misdemeanor charge of wasting game in violation of § 87-3-102, MCA (1989). He appeals. We affirm.
The following issues decide this appeal:
1. Is § 87-3-102, MCA (1989), unconstitutionally vague or overbroad?
2. Did the District Court err by failing to instruct the jury as to criminal intent?
3. Did the District Court impose a penalty contrary to law?
Because of our holdings on these three issues, it is not necessary to discuss the remaining issues raised.
Huebner shot a mountain goat in the Avalanche Lake area of Madison County in the early evening of September 15,1989. According to him, by the time he was able to retrieve the animal the next day, the meat was not fit for human consumption. This was disputed by other hunters in the area, who testified at trial as witnesses for the State. Huebner took only the head, horns, and cape of the animal and left the rest. He was charged with violation of § 87-3-102, MCA (1989):
Waste of fish, or game. It shall be unlawful and a misdemeanor for any person responsible for the death of any game animal of this state, excepting grizzly, black, and brown bear and mountain lion, to detach or remove from the carcass only the head, hide, antlers, tusks, or teeth or any or all of aforesaid parts or to waste any part *187 of any game animal, game bird, or game fish suitable for food or to abandon the carcass of any game animal in the field[.]
After Huebner was tried and convicted by a jury in Madison County Justice Court, he appealed to District Court. A de novo jury trial which began on July 17, 1990, again resulted in a verdict of guilty. Huebner was ordered to serve six months in the Madison County jail, which sentence was suspended upon payment of a $750 fine plus $1,312 in court costs and a $10 surcharge. His hunting and fishing privileges were suspended for thirty months and he was ordered to forfeit the cape and horns of the goat.
I
Is § 87-3-102, MCA (1989), unconstitutionally vague or overbroad?
Astatute is unconstitutionally vague if it fails to give a person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he or she may act in accordance therewith. United States v. Powell (1975), 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228. Huebner contends that § 87-3-102, MCA (1989), is unconstitutionally vague because it does not clearly set forth the conduct which is prohibited.
We disagree. Section 87-3-102, MCA (1989), establishes that the wasting of game meat other than grizzly, brown, or black bear or mountain lion is illegal. A person commits “waste” by doing any of the following: (1) removing only the head, hide, antlers, tusks, or teeth of any game animal other than the three trophy animals listed; (2) wasting any part of any game animal, bird, or fish, other than the three trophy animals listed, which is suitable for food; or (3) abandoning in the field the carcass of any game animal other than the three trophy animals listed. The statute gives a person of ordinary intelligence reasonable notice of what is prohibited. We hold that it is not unconstitutionally vague.
Huebner also argues that the statute is unconstitutionally over-broad because it prohibits otherwise legal activities of any hunter or taxidermist who removes specified body parts at any time. This argument is without merit. Under the statute, it is not the removal of the horns, head, or cape that is illegal, but the act of removing only those body parts, without utilizing the rest of the animal. We hold that § 87-3-102, MCA (1989), is not unconstitutionally overbroad.
*188 II
Did the District Court err by failing to instruct the jury as to criminal intent?
Huebner contends that criminal intent is an essential element of the crime of wasting game and that therefore the District Court erred in not instructing the jury on the necessity of a culpable state of mind. He asserts two theories in support of his position.
First, he argues that despite the lack of a mental state requirement in § 87-3-102, MCA (1989), the requirement must be implied because the statute does not meet the requirements for an absolute liability offense. An absolute liability offense is one in which the actor’s intent is irrelevant since it is the act itself which constitutes the offense. State v. McDole (1987), 226 Mont. 169, 174, 734P.2d 683, 686. Section 45-2-104, MCA, provides:
A person may be guilty of an offense without having, as to each element thereof, one of the mental states described in subsections (33), (37), and (58) of 45-2-101, only if the offense is punishable by a fine not exceeding $500 or the statute defining the offense clearly indicates a legislative purpose to impose absolute liability for the conduct described. [Emphasis added.]
Huebner contends that since the offense of wasting game meat is punishable by a fine that exceeds $500, the offense may not be classed as an absolute liability offense.
Section 45-2-104, MCA, includes two disjunctive requirements for an absolute liability offense. Either requirement can support the elimination of the intent element. We conclude that the second requirement has been met.
To ascertain legislative intent, we look to the language employed and the apparent purpose subserved. State v. Austin (1985), 217 Mont. 265, 268, 704 P.2d 55, 57. The statute prohibiting a person from shooting a game animal and abandoning the meat, or as in this case, removing only those parts suitable for a trophy mount, is obviously intended to preserve game resources for the benefit of the public. Numerous Montana cases have recognized the State’s duty to protect public wildlife resources through regulations designed for that purpose. E.g., State v. Jack (1975), 167 Mont. 456, 539 P.2d 726. Hunters are an identifiable group of persons exercising their right to utilize the State’s game resources for food and other purposes. They are responsible for knowing the laws pertaining to their sport. We hold *189 that § 87-3-102, MCA(1989), indicates a legislative purpose to impose absolute liability for wasting game meat other than grizzly, brown, or black bear, or mountain lion. Huebner’s argument that § 87-3-102, MCA (1989), does not fit the statutory requirements of an absolute liability offense therefore fails.
Huebner’s second theory is that all game violations under Title 87, MCA, require proof of mental state, under Austin. That was not this Court’s holding in Austin. In that case, this Court held that the spotlighting statute, § 87-3-122, MCA, was unconstitutional because, while it prohibited “spotlighting” in general, it allowed exceptions for landowners, lessees, or their agents which would permit arbitrary and irrational enforcement by law enforcement officers. Austin, 704 P.2d at 59. It has not been argued that § 87-3-102, MCA (1989), contains arbitrary exceptions which render it unconstitutional. Therefore, Austin’s analysis does not apply. We hold that the District Court did not err by failing to instruct the jury on criminal intent.
III
Did the District Court impose a penalty contrary to law?
In addition to a fine and a suspended jail term, the District Court imposed a penalty of forfeiture:
The defendant, Corey Huebner, shall forfeit to the State of Montana (Department of Fish, Wildlife and Parks) the cape and horns of the mountain goat which he legally killed, but a part of which he was convicted of wasting contrary to the cited statute.
Huebner argues that only if the mountain goat was killed illegally may the District Court impose a forfeiture penalty.
Section 87-1-506, MCA, provides:
Enforcement powers of wardens. A warden may:
(4) seize game, fish, game birds, and fur-bearing animals and any parts of them taken or possessed in violation of the law or the rules of the department!.]
While it is true that Huebner killed the mountain goat legally, there is no question that he violated the law in the manner in which he took only the head, horns, and cape and left the rest of the animal. Having failed to comply with the statutory requirement that he not waste the meat, Huebner is subject to the game warden’s authority under § 87-1-506(4), MCA, to seize any parts of the animal. We hold that the District Court did not impose a penalty contrary to law.
*190 As to the remaining issues raised by Huebner, we conclude that, under the circumstances of this case, our holdings on Issues I and II render them moot. Huebner took the stand in his own defense at trial. He admitted that he took only the hide, horns, and cape of the mountain goat, leaving the rest in the field. His defense was based on his position that the meat of the animal was no longer suitable for food by the time he was able to reach it the morning after he shot it.
We have determined under Issue I that § 87-3-102, MCA (1989), constitutionally prohibits the taking from the carcass of a game animal only the head, hide, antlers, tusks, or teeth, and abandoning the remainder of the carcass in the field as Huebner, by his own testimony, did in this case. Under Issue II we held that there is no mental state required for violation of § 87-3-102, MCA (1989). We conclude that Huebner’s own testimony established all of the elements of the offense with which he was charged.
By his own admission, Huebner did not raise at trial the issues he argues on appeal concerning the oral instruction and absence of written instruction to the jury on proof beyond a reasonable doubt and the absence of instruction on the presumption of innocence. We conclude that because Huebner’s own testimony established all of the elements of the offense with which he was charged, those issues, as well as the issues concerning the unconstitutionality of the limits on appellate review in § 46-20-701(2), MCA, and references to his exercise of Fifth Amendment rights, could not have resulted in any prejudice to him.
Error in giving or refusing instructions will not necessarily justify a reversal, when the evidence of the defendant’s guilt is so clear and convincing the jury could not reasonably have found him not guilty.
People v. Genovese (Ill. 1978), 382 N.E.2d 872, cert. denied 444 U.S. 848, 100 S.Ct. 86, 62 L.Ed. 2d 56. “No cause shall be reversed by reason of any error committed by the trial court against the appellant unless the record shows that the error was prejudicial.” Section 46-20-701(1), MCA. (The constitutionality of that restriction on appellate review is not challenged.) Although in a different factual situation the other issues raised by Huebner may have merit, in this case they are immaterial.
Affirmed.
*191 JUSTICES HARRISON, HUNT, WEBER and the HONORABLE THOMAS C. HONZEL (District Judge, sitting in place of JUSTICE GRAY) concur.