JUSTICE GRAY,
dissenting.
I dissent and write separately to add an additional perspective to that advanced by Justice Trieweiler.
It is a fundamental precept of the law that statutes defining criminal offenses must “give a person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he or she may act in accordance therewith.” State v. Huebner (1992), 252 Mont. 184, 187, 827 P.2d 1260, 1262. As Justice Trieweiler points out, various statutory offenses relating to operating a vehicle — including statutes addressing reckless driving, careless driving and the “basic speed rule” for urban areas — provide notice to the driver of a vehicle that driving at excessive speeds in a populated area is sanctionable conduct. Bell properly could have been charged with any or several of those offenses. Section 45-5-207, MCA, the felony criminal endangerment statute, on the other hand, provides no such notice. I submit that no person of ordinary intelligence would ever dream that speeding, regardless of how egregious the rate of travel but without a *493 resulting injury to anyone, constitutes a felony offense carrying a penalty of imprisonment for up to ten years and a fine of up to $50,000.
Moreover, it is important to look to the legislative history of § 45-5-207, MCA. The criminal endangerment offense defined therein was introduced as H.B. 301 in the 1987 legislative session, in the words of the bill’s sponsor, to “plug a hole in the criminal law.” What hole? As the sponsor explained it, the offense “would apply primarily to cases in which someone would introduce poison into aspirin tablets or something of that nature.” (Emphasis added.) No supporter of the bill testified or even suggested that the offense was intended to encompass any conduct relating to operating a vehicle, much less a speeding offense. One supporter offered, as an example of conduct which would come under the statute, the situation where a nurse who was a drug addict took a patient’s medication for his or her personal use and gave the patient a different medication. This example corresponds in concept and nature to the “aspirin tampering” example provided by the sponsor.
Nor did any of the statutes from other states, upon which H.B. 301 purportedly was patterned and which were provided to the Judiciary Committees, address any conduct relating to operating a vehicle. Indeed, those statutes addressed only “reckless” endangerment and, except for one statute which made the offense a felony when the endangerment involved a substantial risk of imminent death, all of the other states’ endangerment offenses were misdemeanors. The two court decisions supporters also provided — one from Washington and one from Arizona — involved charges arising from gun incidents.
The only amendment to § 45-5-207, MCA, came during the 1989 legislative session. That amendment specifically added conduct commonly referred to as “tree spiking” to the definition of criminal endangerment. Such conduct is of the same nature as the “aspirin tampering” conduct for which the offense of criminal endangerment originally was enacted.
Nothing in the legislative history of § 45-5-207, MCA, supports charging Bell’s operation of a vehicle at excessive speeds as criminal endangerment. Nor does the language of the statute apprise a person of ordinary intelligence that speeding, with nothing more, constitutes a felony offense. I dissent.