No. 01-607

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 220N

STATE OF MONTANA,

        Plaintiff and Respondent,

v.

WILLIAM HOSTETLER,

        Defendant and Appellant.

FILED

OCT 0 1 2002

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Mark L. Guenther, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            William Hostetler, *Pro Se*, Bozeman, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; C. Mark Fowler,
Assistant Attorney General, Helena, Montana

            Jon M. Hesse, Belgrade City Attorney, Livingston, Montana

Submitted on Briefs: August 15, 2002

Decided: October 1, 2002

Filed:



_____
        Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    William Hostetler's vehicle collided with another vehicle when he drove out of the IGA parking lot onto Silverbow Street in Belgrade, Montana. After a bench trial, the Eighteenth Judicial District Court, Gallatin County, convicted Hostetler of operating a motor vehicle without liability insurance and failing to yield the right-of-way. Hostetler appeals and we affirm.

¶3    Hostetler raises numerous issues on appeal. For the reasons set forth herein, we address on the merits only the issues of whether the District Court erred in treating the operation of a motor vehicle without liability insurance as an absolute liability offense and whether the evidence is sufficient to support Hostetler's conviction for failing to yield the right-of-way.

¶4    1. Did the District Court err in treating the operation of a motor vehicle without liability insurance as an absolute liability offense?

¶5    Section 45-2-104, MCA, provides that absolute liability--that is, liability without having a mental state of knowingly, negligently or purposely--may be imposed only for an

2

offense punishable by a fine of not more than $500 or for which the statutory definition clearly indicates a legislative purpose to impose absolute liability. Pursuant to § 61-6-304, MCA, operating a motor vehicle without liability insurance is punishable by imprisonment in the county jail and, therefore, the first portion of § 45-2-104, MCA, relating to the punishment for an offense, does not impose absolute liability for the offense of driving without liability insurance. Hostetler contends that § 61-6-301, MCA, which defines the offense, does not clearly indicate a legislative purpose to impose absolute liability.

¶6      To ascertain legislative intent in an absolute liability case, we look to the language employed and the apparent purpose served. *State v. Huebner* (1992), 252 Mont. 184, 188, 827 P.2d 1260, 1263 (citation omitted). The language contained in § 61-6-301(1), MCA, states that the owner of a Montana-registered and operated vehicle "shall continuously provide" liability insurance. Section 61-6-301(4), MCA, renders it "unlawful" for a person to drive a vehicle on public roads in Montana "without a valid policy of liability insurance in effect" in the statutorily-required amount. Thus, § 61-6-301, MCA, contains no mental state element.

¶7      With regard to clear legislative purpose to impose absolute liability, we have held that an obvious statutory intent to preserve game resources for the benefit of the public in recognition of the state's duty to protect public wildlife resources met that standard. *See Huebner*, 252 Mont. at 188-89, 827 P.2d at 1263. The clear purpose of § 61-6-301, MCA, is to protect innocent members of the public who are injured on the highways through the negligence of financially irresponsible motorists. *See Horace Mann Ins. v. Hampton* (1989),

3

235 Mont. 354, 357, 767 P.2d 343, 344 (citation omitted). We conclude the clear legislative purpose of § 61-6-301, MCA—to protect the public on Montana highways—indicates an intent to impose absolute liability for the offense of driving without liability insurance.

¶8    2. Is the evidence sufficient to support Hostetler's conviction for failing to yield the right-of-way?

¶9    The elements of proof necessary to establish that Hostetler failed to yield the right-of-way are that (1) Hostetler was the driver of a motor vehicle (2) who was about to enter or cross a highway (3) from a private road, driveway, or public approach ramp and (4) failed to yield the right-of-way to all vehicles approaching on the highway. *See* § 61-8-343, MCA. Hostetler argues the evidence is insufficient to support element (2), in that there were no clear boundaries to forewarn a driver that Silverbow Street was a highway.

¶10    This Court reviews the sufficiency of the evidence to support a criminal conviction to determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the case beyond a reasonable doubt. *State v. Bauer*, 2002 MT 7, ¶ 15, 308 Mont. 99, ¶ 15, 39 P.3d 689, ¶ 15 (citations omitted). Here, Belgrade Police Officer Mike Dixon testified that the intersection at which the collision occurred was marked by "plenty" of features indicating it was an intersection. He listed differences between the colors of the IGA parking lot and Silverbow Street road surfaces, a light post, fire hydrants on either side of the road, a street sign, a stop sign, a speed limit sign with a sign above it indicating weight limit for city streets, and a fence line beside the road. Jason Karp, Belgrade city planner, testified that Silverbow Street

4

complied with all local and state requirements for traffic control devices and markings. In addition, both parties submitted photographs of the intersection into evidence. Viewing the evidence in the light most favorable to the prosecution, we conclude a rational trier of fact could have found beyond a reasonable doubt that, when the collision occurred, Hostetler was about to enter or cross a highway.

¶11 We need not address Hostetler's remaining issues at length. Hostetler first asserts the District Court erred in signing an order at the motions hearing which contained material not of record. This matter is not properly before us because he failed to raise the issue before the District Court. *See* § 46-20-104(2), MCA; *State v. Schmalz*, 1998 MT 210, ¶¶ 11-13, 290 Mont. 420, ¶¶ 11-13, 964 P.2d 763, ¶¶ 11-13.

¶12 Hostetler also claims the District Court erred in stating as part of its rationale for its decision that

> even in the absence of the absolute liability, there's evidence before the Court that Mr. Hostetler was aware of the insurance requirements of the State of Montana and for whatever reason elected to drive the 1982 Subaru without insurance or other evidence of meeting the financial responsibility laws of the State of Montana.

This rationale is an alternative basis for the court's decision. Having already determined the District Court correctly concluded that driving without liability insurance is an absolute liability offense, we need not address the alternative basis or Hostetler's claim in that regard, because it was unnecessary to the court's decision and a defendant may appeal only from matters which affect his substantial rights. *See* § 46-20-104, MCA.

¶13 Finally, Hostetler contends that the District Court committed "other significant abuses of judicial discretion," failed to reprimand the prosecutor leading to plain error at trial, "had a flawed theory of prosecution," and should have dismissed the case because the prosecutor ignored exculpatory evidence. An appellant must support contentions on appeal with citations to authorities which support his position. Rule 23(a)(4), M.R.App.P. We will not consider arguments unsupported by cited authority. *Rieman v. Anderson* (1997), 282 Mont. 139, 147, 935 P.2d 1122, 1126-27.

¶14 Here, most of Hostetler's final contentions are not supported by any authority and, therefore, we refuse to address them. Hostetler does advance two statutory maxims of jurisprudence, but they are not relevant in the present case because they relate to Hostetler's argument--rejected above--that driving without liability insurance requires proof of a mental state. He also advances one decision from this Court which relates to his argument that the prosecutor did not conduct himself properly, which apparently is intended to support Hostetler's argument that his motion to dismiss should have been granted because the prosecution could not prove its case. Having concluded above that sufficient evidence supported Hostetler's conviction for failure to yield the right-of-way, we need not address this somewhat unintelligible argument further. Finally, Hostetler makes a passing reference to his due process right to notice under both the United States and Montana Constitutions. This argument is premised on a purported lack of notice that Silverbow Street exists, or was properly marked. As such, it, too, is subsumed in our conclusion that sufficient evidence supports his conviction.

6

¶15    Affirmed.

/s/ Karla M. Gray
                                        Chief Justice

We concur:

/s/ W. William Leaphart

/s/ Patricia Cotter

/s/ Jim Regnier

/s/ Jim Rice
                Justices

7