DA 16-0554

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 156

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

DANIEL B. MCGREGOR,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Jefferson, Cause No. DC 2016-12
Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Daniel B. McGregor, Self-Represented, Helena, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Madison L. Mattioli, Assistant Attorney General, Helena, Montana

            Steven C. Haddon, Jefferson County Attorney, Danielle Perry, Deputy County Attorney, Boulder, Montana

Submitted on Briefs:  April 26, 2017

Decided:  June 27, 2017

Filed:

_____
Clerk

FILED

06/27/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0554

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1     Daniel B. McGregor (McGregor) appeals from an order entered in the Montana Fifth Judicial District Court, Jefferson County, denying his motion to dismiss charges that McGregor harvested a cow elk without first obtaining permission for hunting from the private landowner, in violation of § 87-6-415(1), MCA.  We affirm.

¶2     We restate the issue for review as follows:

*Whether violation of the use restrictions for private property enrolled in Montana's Block Management Program constitutes a violation of § 87-6-415(1), MCA, which requires a hunter to obtain permission of the landowner before hunting on private property.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     On November 9, 2015, Fish and Game Warden Sergeant Dave Loewen (Sergeant Loewen) received information that McGregor may have committed hunting violations at the Skytop Ranch Block Management Area (Skytop BMA).  Skytop BMA is enrolled with the Department of Fish, Wildlife, and Parks (the Department) in a Block Management Program which allows hunters to hunt on a landowner's property provided certain use restrictions negotiated between the landowner and the Department have been satisfied.  In the case of Skytop BMA, a use restriction was imposed requiring a hunter to sign in at the sign-in box prior to hunting on Skytop Ranch.

¶4     Sergeant Loewen spoke to McGregor at his home and McGregor confirmed that he had parked his vehicle on property adjacent to Skytop BMA, entered the Skytop BMA, and harvested a cow elk from the property on November 8, 2015.  McGregor admitted that he had not signed in at Skytop BMA's sign-in box and told Sergeant Loewen that "numerous

2

individuals" had indicated that Skytop Ranch allowed public hunting. McGregor relayed that an adjacent landowner, Michael Field, represented to him that Skytop Ranch allowed public hunting only by foot or horseback and that there was no requirement to obtain separate permission to hunt. McGregor explained that he did not know Skytop Ranch was in a Block Management Program with the Department and was unaware of any requirement that he sign in at Skytop BMA's sign-in box prior to entering and hunting on the property. Sergeant Loewen confirmed by examining the sign-in book at Skytop BMA that McGregor had not signed in on the date of the violation. Sergeant Loewen seized McGregor's cow elk and, pursuant to § 87-1-506(2), MCA, donated it to a local food bank or charity.

¶5 The Department provides the public with information about property enrolled in its Block Management Program by publishing a Hunting Access Guide which contains maps of the several block management regions. The Department also published a 2015 map of the Skytop BMA which contained rules and regulations for accessing the hunting area, an advisement that the Skytop BMA requires "Registration at Sign In Box," and an indication on the map where the box is located at Skytop BMA.

¶6 On November 9, 2015, Sergeant Loewen cited McGregor for hunting without landowner permission in violation of § 87-6-415(1), MCA. McGregor appeared in Jefferson County Justice Court on November 16, 2015, and entered a plea of not guilty. Following a bench trial on February 18, 2016, McGregor was convicted and subsequently fined $135, plus a surcharge of $35. McGregor appealed his conviction de novo to the District Court. He filed a motion to dismiss arguing, among other things, that the block management statutes and rules implementing them were unconstitutional. In a bench trial,

3

the District Court rejected McGregor's arguments and found him guilty of hunting without landowner permission, in violation of § 87-6-415(1), MCA. The court imposed the mandatory surcharge and a $135 fine; however, the court suspended half of the fine, leaving only $67.50 for McGregor to pay.

¶7 McGregor appeals the denial of his motion to dismiss. McGregor represented himself in proceedings before the Justice Court, the District Court, and is currently representing himself on appeal before this Court.

## STANDARD OF REVIEW

¶8 The denial of a motion to dismiss in a criminal case is a question of law, which we review for correctness. *State v. McWilliams*, 2008 MT 59, ¶ 22, 341 Mont. 517, 178 P.3d 121.

## DISCUSSION

¶9 *Whether violation of the use restrictions for private property enrolled in Montana's Block Management Program constitutes a violation of § 87-6-415(1), MCA, which requires a hunter to obtain permission of the landowner before hunting on private property.*

¶10 We discern McGregor's argument to be that by participating in the Department's Block Management Program, Skytop Ranch has "statutorily given . . . [its] permission for the public to hunt on . . . [its] property."[1] McGregor argues that language contained within

---

[1] McGregor's arguments on appeal are difficult to discern. The State requests that we limit our review to the issue and argument actually discussed in McGregor's opening brief. Upon careful consideration of McGregor's opening brief, we conclude his primary objection relates to whether violation of the use restrictions imposed pursuant to the Montana's Block Management Program may constitute hunting without permission of the landowner. Any other issue, including a constitutional challenge to the Block Management Program, we conclude has not been supported by sufficient legal argument or authority and we, accordingly, will not review.

4

the block management statutes is either not defined or vague, and consequently whether permission to hunt actually exists is unclear. McGregor suggests that the administrative rules, through which the program is implemented, are similarly vague and undefined, thus further rendering the existence of permission unclear.

¶11 The State maintains that McGregor was not cited for violating any of the block management statutes or rules; but, rather, McGregor was cited for violating § 87-6-415, MCA, requiring that a resident first obtain permission of the landowner when hunting on private property. The State argues that those who apply to the State for permission to harvest or remove Montana's natural game are on notice that they are subject to the Department's rules and regulations, including those pertaining to the Block Management Program.

¶12 Section 87-6-415(1), MCA, provides that "[a] resident or nonresident shall obtain permission of the landowner, the lessee, or their agents before taking or attempting to take [animals] . . . while hunting on private property." Pursuant to § 87-1-301, MCA, the Fish, Wildlife and Parks Commission "shall establish the hunting, fishing, and trapping rules of the department . . . ." Those rules may "govern[] uses of . . . lands that it operates under agreement with or in conjunction with . . . a private land owner." Section 87-1-303, MCA. Section 87-1-265, MCA, provides that the "department may establish within the block management program established by administrative rule pursuant to authority contained in 87-1-301 and 87-1-303 programs of landowner assistance that encourage public access to private and public lands for purposes of hunting and may adopt rules to carry out program purposes." To this end, the "department may establish a voluntary hunter management

5

program to provide tangible benefits to private landowners enrolled in the block management program who grant access to their land for public hunting." Section 87-1-266(1), MCA. The decision to "enroll a landowner in the hunter management program is the responsibility of the department." Section 87-1-266(1), MCA.

¶13 Admitted during trial was evidence and testimony describing Montana's Block Management Program. The program is a cooperative effort between the Department, private landowners, and public land management agencies to help landowners manage hunting activities and provide free public hunting access to private and isolated public lands. The Department publishes regional maps and Hunting Access Guides that depict all properties enrolled in the program for any particular year, and also makes available the individual BMA maps that depict property boundaries and BMA Ranch Rules. There is no charge to hunt on block management lands and landowner participation is voluntary. Landowners agree to provide free public hunting under contract terms that stipulate how hunting will be managed. Those stipulations are characterized as use restrictions.

¶14 Use restrictions for each BMA are established by negotiation between the Department and the landowner. Mont. Admin. R. 12.4.205(1)(a). Reasonable restrictions under the rules include, but are not limited to: (1) restrictions on vehicle use or off-road travel for access or downed game removal; (2) number of hunters or hunting parties utilizing a BMA per day; (3) times and places at which permission slips or other instructions are provided on-site to the public; and (4) duration of the use season. Mont. Admin. R. 12.4.205(1)(a). Skytop BMA's use restriction was that hunters sign in at a designated sign-in box.

¶15 We have long recognized that "[t]hose who apply to the State for permission to harvest or remove Montana's natural game are on notice that they are rightfully subject to . . . regulations [of the Department]." *State v. Boyer*, 2002 MT 33, ¶ 22, 308 Mont. 276, 42 P.3d 771. "Hunters are an identifiable group of persons exercising their right to utilize the State's game resources for food and other purposes. They are responsible for knowing the laws pertaining to their sport." *State v. Huebner*, 252 Mont. 184, 188, 827 P.2d 1260, 1263 (1992). Consistent with these responsibilities, this Court held in *State v. Trujillo*, 2008 MT 101, 342 Mont. 319, 180 P.3d 1153, that even though a hunter did not pass by any gate or posted notice against trespassing, the hunter was nonetheless responsible for knowing about those postings and was on legal notice of their existence. We also held in *Trujillo* that "ignorance of the law is no defense in Montana, even if it is in reliance on what someone else said." *Trujillo*, ¶ 15.

¶16 The statute McGregor was charged with violating makes it a crime for someone to take a game animal without a landowner's permission. Permission is always required to hunt on private property. McGregor does not claim that he obtained explicit permission from the landowner or that he signed in at the Skytop BMA sign-in box. Pursuant to regulations adopted by the Department which establish and implement the Block Management Program, Skytop BMA agreed to allow hunters to access its lands, subject to reasonable use restrictions. Here, the use restriction is the sign-in procedure which the Department, through its publications, advised was the manner in which permission could be obtained to hunt on Skytop BMA. The sign-in procedure is a benefit afforded to the hunter, making it easier for hunters to obtain permission. It does not negate the requirement

7

that the hunter obtain permission. Absent compliance with Skytop BMA's sign-in procedure, McGregor did not have permission to hunt on Skytop BMA.

¶17 In Montana, because a person is on notice that they are subject to the rules of the Department related to the management of wildlife, it is no defense that they were ignorant of those rules or the law, or that they relied on statements from an adjoining property owner. *Trujillo*, ¶¶ 10-15. Furthermore, "[k]nowledge that certain conduct constitutes an offense or knowledge of the existence, meaning, or application of the statute defining an offense is not an element of the offense unless the statute clearly defines it as an element." Section 45-2-103(5), MCA. Pursuant to § 87-6-415(1), MCA, it is a crime to harvest game on private property without the landowner's permission. McGregor knew he had not obtained landowner permission to hunt on private property. He did not have explicit permission from Skytop Ranch to hunt on its property and did not comply with the rules through which Skytop BMA granted permission. As McGregor did not comply with the statutes, rules, and regulations governing BMA hunting, he did not have permission to hunt and harvest game on Skytop BMA, which violated § 87-6-415(1), MCA.

¶18 In light of the foregoing, we will not address McGregor's contention that seizure of the cow elk by Sergeant Leowen is unconstitutional because a hunter, who is found not guilty, can no longer be made whole.

## CONCLUSION

¶19 We affirm the District Court's denial of McGregor's motion to dismiss.

8

/S/ LAURIE McKINNON

We Concur:

/S/ MICHAEL E WHEAT
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ JIM RICE